[Taylor v. Corley.]

# Taylor *v.* Corley.

*Action of Trespass.*

1. *Pleading and practice; when error in sustaining pleas is without injury.*—The erroneous sustaining of a demurrer to certain pleas interposed by the defendant is error without injury, if the defendant had the full benefit under the pleas which remained in the case of all the matters set up as a defense in the pleas to which the demurrers were sustained.

2. *Evidence; within the discretion of the court to allow leading questions; review on appeal.*—In the examination of a witness, it is within the discretion of the trial court to allow leading questions to be asked ; and the exercise of this discretion is not revisable on appeal.

3. *Same; when ruling upon the evidence without prejudice.*—The overruling of an objection interposed to a question propounded to a witnets is without prejudice to the party objecting, when it appears that the question was not answered.

4. *Action for trespass upon land; tax deed of Auditor admissible in evidence.*—In an action to recover damages for trespass upon land, where the issue raised is as to whether the plaintiff or the defendant was in the actual adverse possession of the land at the time of the alleged trespass, a paper purporting to be a tax deed from the State Auditor to plaintiff's ancestor (through whom he claims) is admissible in evidence to show the claim or color of right and title in plaintiff ; and this is true, whether the paper was a valid conveyance of the land or not.

5. *Same; when general affirmative charge should be refused.*—In an action for trespass upon land, where the issue is as to whether plaintiffs or defendants were in actual possession of the land at the time of the trespass, and the evidence as to possession is conflicting, there being evidence going to show a trespass by the defendant, if plaintiff was found by the jury to have been in possession, the general affirmative charge requested in favor of the defendant is properly refused.

6. *Same; same.*—When the complaint in an action against two or more persons to recover damages for trespass upon land contains several counts, the fact that there is no evidence of a trespass by one of the defendants, except under one of the several counts, does not entitle such defendant to a general affirmative charge upon the whole complaint.

7. *Trial and its incidents; motion in arrest of judgment; jurisdiction of courts.*—Motions in arrest of judgments, must be based upon the matters of record in the cause, and, therefore, in an action of trespass, a motion in arrest of judgment, upon the ground that the dam-

[Taylor v. Corley.]

ages claimed and the evidence of the damages sustained showed that the plaintiff's claim was less than the minimum amount which would give the court jurisdiction, is properly overruled; the matters upon which the motion was rested not being a part of the record.

8. *New trial; when motion therefor properly overruled.*—A motion for a new trial, made by the defendant upon the ground that the verdict was contrary to the evidence and contrary to the law, is properly overruled when it is shown that the evidence in the case was directly conflicting, on an issue of fact involved, and upon this issue the jury found for the plaintiff.

9. *Same; same.*—The fact that the motion for a new trial, which is incorporated in the bill of exceptions, alleges that the court excluded certain evidence or gave or refused certain charges, does not show, for any purpose, that the court so ruled or acted; and upon such alleged rulings and acts not being otherwise shown by the bill of exceptions, the trial court will not be put in error for the denial of such a motion.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. GEORGE W. TAYLOR, Special Judge.

This was an action of trespass *quare clausum fregit*, brought by the appellees against the appellants and was instituted on August 31, 1893.

The complaint contained five counts. In the first four counts, the trespass complained of was upon a close situated upon land described as the N. W. ¼ of S. W. ¼ of section 16, township 15, range 6, East, in Marengo county, Alabama, "which close was in the possession of the plaintiffs, and for cutting a wire fence then and there being on said close." In the fifth count, which was added by amendment to the complaint, the damages claimed were for trespass upon the same land "and for tearing down a rail fence then and there being on said tract of land." The defendant demurred to the fifth count of said complaint, upon the ground that it was a departure from the original complaint, and introduced a new cause of action. This demurrer was overruled, and defendants duly excepted. There were ten pleas interposed by the defendants. To the 1st, 7th, 8th, 9th and 10th pleas demurrers and motion to strike them from the file were sustained; and the defendants separately excepted to the sustaining of the demurrer and motion to each of the pleas. Issue was joined upon the 2d, 3d, 4th, 5th and 6th pleas. By these pleas the defendants set up the defense of the general issue, and that they were in possession of the land claiming right and title thereto,

[Taylor v. Corley.]

Upon the introduction of Sallie Corley, one of the plaintiffs, as a witness, she testified that she and the other plaintiffs were the only heirs at law of H. D. Corley, who died in Marengo county, in 1892; that said H. D. Corley went into possession of a small portion of the land described in the complaint 10 or 12 years before the institution of the suit; that the remainder of said tract of land was woodland; that she and the other plaintiffs, in March, 1893, went upon the land and inclosed it with a strand of wire, and that on three or four occasions in 1893, the defendant, William H. Taylor, cut the said wire; that the defendant, Ed Taylor, cut timber from the land in the summer of 1893, and that in the fall of 1893 William H. Taylor came upon the land which was used by the plaintiffs as a pasture and tore down 90 panels of rail fence, which the plaintiffs had thereon. This witness was then asked: "How long had your father been in possession of the land described in the complaint, using it and claiming it as his own?" To this question the defendants objected, because it was "illegal, irrelevant, too broad and called for a statement of the legal conclusion of the witness." The court overruled the objection, and the defendant duly excepted. The witness answered, that her father had been in possession of the land continuously, claiming and using it as his own 10 or 12 years prior to the trespass by the defendants.

The testimony for the defendants showed that they were brothers and were the only children of Caroline M. Lee, who died in 1891, while she was in possession of the lands described in the complaint. There was testimony tending further to show that the defendant, Ed. Taylor, was in the actual possession of the land at the time of his mother's death, under a lease from her; that Caroline Lee went into possession of the said lands in 1871, and remained in possession of them until her death in 1891; that they claimed the land as the heirs at law of Caroline Lee, and went upon it and cut timber therefrom, and performed other acts of ownership thereon whenever they saw fit. Upon this witness further testifying that he had paid the taxes on the land for some of the years during occupancy, he was asked on cross-examination "Who paid taxes in 1881?" Defendants objected to this question, and duly excepted to the court

·[Taylor v. Corley.]

overruling their objections. It was not shown that this question was answered.

The plaintiffs introduced in evidence a deed executed by M. C. Burke, State Auditor, January 20, 1887, conveying to H. D. Corley the lands described in the complaint, which had been purchased by the State for taxes in August, 1, 1881. This deed was not acknowledged by the Auditor, at the time of its execution, but was acknowledged on April 25, 1893, by said M. C. Burke. The defendants objected to the introduction in evidence of this deed, and duly excepted to the court's overruling their objection.

Caroline M. Lee, the mother of the defendants, claimed · title to the lands in controversy under a deed from George W. Hamner and wife, conveying said land to her, which was executed on February 20, 1871, and this deed was introduced in evidence by the defendants. Counsel for the plaintiff stated to the court and to the jury that plaintiff did not claim punitive or vindictive damages, but claimed only actual damages as described in the complaint, and the evidence showed that the actual damage was $40. The other facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe the evidence in this case, they must find for the defendants." (2.) "If the jury believe the evidence in this case, they must find in favor of the defendant Ed. Taylor."

The jury returned a verdict in favor of the plaintiffs, assessing their damages at $40. Thereupon, the defendants made a motion in arrest of judgment, on the grounds that the court was without jurisdiction to render judgment in this action, since the amount in controversy was less than $50; and because the plaintiffs claimed at the trial, only actual damages, which they admitted were $40. This motion was overruled, and judgment was rendered in favor of the plaintiffs in accordance with the verdict of the jury. There was a motion made for a new trial, which was overruled. The grounds of this motion are sufficiently shown in the opinion. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

[Taylor v. Corley.]

C. K. ABRAHAMS, for appellants.—The complaint counts for a joint trespass by defendants, and the evidence fails to show a joint trespass by them. Therefore, the judgment of the court entered is erroneous and a new trial should have been awarded.—26 Amer. & Eng. Encyc. of Law, 670, note 2; *McCarron v. O'Connell*, 7 Cal. 152; *Snodgrass v. Hunt*, 15 Ind. 274.

The gist of the action of trespass *quare clausum fregit* is the injury done the possession, and some damage must be affirmatively shown, however slight, and this was not done as to the defendant, Ed. Taylor, and charge Nos. 2 should have been given. — *Bonner v. Wiggins*, 52 Tex. 125; *Massey v. Trantham*, 2 Bay (S. C.) 421.

The evidence does not show that the alleged possession of the lands described in the complaint was hostile, actual, visible, notorious and continuous under claim of title, and the deed from M. C. Burke to H. D. Corley was not admissible as color of title to show possession of the woodland portion of said land by plaintiffs.—*Parks v. Barnett*, 104 Ala. 438; *Bernstein v. Humes*, 71 Ala. 260; *Dothard v. Denson*, 75 Ala. 482; *Hughes v. Anderson*, 79 Ala. 214; *Echols v. Hubbard*, 90 Ala. 315; *Black v. C. & C. Co.*, 85 Ala. 504.

The circuit court has jurisdiction of actions at law, only when the matter or sum in controversy exceeds $50. Const. Art. VI, § 5; Code of 1886, § 756. "The actual amount in controversy is the criterion of jurisdiction, which in this case is $40, and the actual amount in controversy is the *bona fides* with which said amount is claimed in the complaint, and the pleading and evidence show the amount in controversy in this case to be $40 only. Jurisdiction is not aided by plea to the merits." 2 Brick. Dig. 158, § 21.

WILLIAM CUNNINGHAME, A. D. PITTS and G. B. JOHNSTON, *contra.*—The doctrine of error without injury applies, because defendants had full benefit, under pleas upon which the cause was tried, of every defense which could have been made under pleas stricken out, or to which demurrer was sustained.—26 Amer. & Eng. Encyc. of Law, 631, note 4; Code of 1886, § 2675; 2 Brick. Dig., 353, §§ 348, 349, 350; *McInerny v. Irvin*, 90 Ala. 275; *Rodgers v. Brazeale*, 34 Ala. 512; *Phœnix*

*Ins. Co. v. Moog*, 78 Ala. 284; *Troy v. Walter Bros.*, 87 Ala. 233.

Adverse possession, under the deed from State Auditor to H. D. Corley, by the latter and those claiming through him, had ripened into a perfect indefeasible title at the time of the trespass.—Code of Alabama, §§ 606, 614; *Pugh v. Youngblood*, 69 Ala. 296; *Bolling v. Smith*, 79 Ala. 535. The only question involved, under the pleadings and evidence, was one of adverse possession, and for how long; and no injury resulted to appellants from instructions as to the deed's admissibility.—*Mills v. Clayton*, 73 Ala. 359; *Jones v. Randle*, 68 Ala. 258; *Normant v. Eureka Co.*, 98 Ala. 181.

The deed from State Auditor to H. D. Corley was admissible as color of title, and to show extent of plaintiffs' possession, or define the boundaries.—3 Brick. Dig., 17, 18, §§ 33, 37, and authorities *supra*.

McCLELLAN, J.—The defendants had the full benefit under pleas which remained in the case of all the matters set up in pleas 7, 8, 9 and 10; and the action of the court in sustaining a demurrer to and motion to strike the pleas last referred to, if erroneous—which we do not consider—worked no injury to the appellants.

The only objection to which the question put to the witness Sallie Corley, viz., "How long had your father been in possession of the land described in the complaint, using it and claiming it as his own?" was open, was not made to it, and would not avail appellants if it had been. The question is leading; but it was not objected to on that ground, and had that ground been assigned, the action of the court upon the objection would not be revisable here; it being in the discretion of trial courts to allow or disallow leading interrogatories.

The question propounded to the witness Ed. Taylor, as to who paid taxes on the land for the year 1881, was not answered. Hence, defendants could not have been prejudiced by the ruling of the court against their objection to it.

The issue being whether plaintiffs or defendants were in the actual adverse possession of the land at the time of the alleged trespasses, the paper purporting to be a tax deed from the State Auditor to the ancestor of plaintiffs was properly received in evidence as tending to show

[Taylor v. Corley.]

a claim or color of right and title on their part; and this whether the paper was or was not a valid conveyance of the land.

The evidence as to possession being conflicting, and there being evidence going to show acts of trespass by the defendants, if the plaintiffs were found by the jury to have been at the time in possession, the court was clearly right in refusing to give the affirmative charge requested by the defendants.

If it be conceded that there was no evidence of a trespass by Ed. Taylor except under the 5th count, it does not follow at all that the general charge requested in his favor should have been given. On the case conceded, he would have been entitled to an affirmative instruction on the other counts of the complaint, but not upon the whole complaint as he requested.

Defendants' motion in arrest of judgment which proceeded on the ground that the evidence on the trial, as to the amount of damages sustained by plaintiffs, and the statement of plaintiffs' counsel, that only actual damages were claimed, showed that plaintiffs' claim was less than the minimum jurisdiction, as to amount, of the court, was properly overruled. Motions in arrest of judgment must be based upon matters of record in the cause, and the matters upon which this motion was rested are clearly not of record.

Defendants also made a motion for a new trial. This is obviously not a case for granting a new trial on the ground that the verdict was contrary to the evidence, since the evidence was directly conflicting on the issue of fact involved, and it was fairly open to the jury to find either way upon that issue.—*Cobb v. Malone & Collins*, 92 Ala. 630. And having found this issue in favor of the plaintiffs, as they had the right to do, it is equally clear that there is no ground to say that the verdict was contrary to the law.

The other grounds of the motion are that the court erred in certain rulings on the admissibility of testimony, in giving certain instructions to the jury and in refusing certain other instructions asked by the defendants. So far as these alleged rulings and acts of the court, or rather such of them as are shown by the bill of exceptions, we have already held that the court was not in error in respect of them. As to all such alleged rulings

and acts as are not shown by the bill of exceptions, there is no evidence that they were ever made or done. The fact that the motion, which is incorporated in the bill of exceptions, assumes, or even alleges, that the court excluded certain evidence, or gave or refused this charge or that, does not show, for any purpose, that the court so ruled or acted. Error, therefore, can not be affirmed of the court's denial of the motion for a new trial.

Affirmed.