# Blair *v.* Williams.

### *Detinue.*

(Decided Feb. 6, 1909. Rehearing denied April 4, 1909. 49 South. 71.)

1. *Pleading; Time of Filing; Abatement.*—After trial and appeal from judgment in the justice court, a plea to the jurisdiction of that court came too late.

2. *Same; Pleading; In Short by Consent.*—Pleading in short by consent in the justice court should contain at least a suggestion or skeleton of the nature of the defense, else on appeal to another court that court would not be informed of the defenses.

3. *Appeal and Error; Necessity of Showing Error.*—Error is not presumed on appeal, but the burden is on the appellant to show error in the record.

4. *Justice of the Peace; Record; Pleading.*—A recital in the judgment by the justice court in the transcript 'that this day came the parties and the defendant pleaded in short by consent and has leave to offer any facts in evidence which may be specially pleaded" is not sufficient to warrant the assumption that pleas to the jurisdiction of the justice court were embraced in the general leave and consent to plead in short; and to justify the circuit court in ignoring a plea in abatement to the jurisdiction of the justice it need not be denied that such matter in abatement might have been shown under the indefinite leave appearing in the recital.

5. *Estoppel; Necessity of Pleading.*—While at common law estoppel in pais need not have been pleaded, under our statute (Sec. 3295, Code 1907) it is necessary that it be specially pleaded; and hence, the fact that plaintiff's attorney with ample authority silently permitted the sale of the horse in question and its purchase by the defendant for valuable consideration, such attorney being present at the sale, should be specially pleaded in an action in detinue.

6. *Chattel Mortgages; Sales.*—The evidence in this case examined and held not to show title in the animal under a claim of title by a purchaser at mortgage foreclosure sale.

7. *Same; Title of Purchaser.*—The purchaser of property at a foreclosure sale of a chattel mortgage must show a valid mortgage from one having title.

8. *Detinue; Prior Possession; Recovery.*—A plaintiff showing prior possession recovers in detinue against a wrong doer.

9. *Witnesses; Cross Examination.*—In an action of detinue for a horse, a witness who had testified that he traded the horse to plaintiff a year or two before should not be permitted to be asked on cross examination whether it was plaintiff's horse or plaintiff's father's horse for which he swapped, since the inquiry was in reference to title to a different horse from that involved in the suit. (Tyson, C. J., dissenting.)

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action of detinue by Joe Williams against R. W. Blair, for the recovery of a horse. Begun in the justice court and carried by appeal to the circuit court. From a judgment for plaintiff defendant appeals. Affirmed.

D. H. RIDDLE, for appellant. Having agreed to plead in short by consent in the justice court the appellee cannot complain of its agreement in the circuit court.—*Strauss v. Mertief,* 64 Ala. 311; *Gayle v. Randle,* 4 Port. 233. Where the justice court has no jurisdiction, the circuit court has none on appeal.—*Pruitt v. Stewart,* 5 Ala.

[Blair v. Williams.]

112; *R. & D. R. R. Co. v. Hutto,* 102 Ala. 575. The de-fendant can avail himself of want of jurisdiction in the justice court by plea in abatement in the circuit court.— *Vaughan v. Robinson,* 20 Ala. 229. Any kind of an objection to the jurisdiction of the justice of the peace is sufficient.—*L. & N. v. Barker,* 96 Ala. 434; *Knowles v. Steed,* 76 Ala. 427. The defendant could show an outstanding title without even connecting himself with it.— 3 Mayf. Sec. 12. If a person suffers his property to be sold to a third person and stands by and fails to assert his title, he is estopped from afterwards setting it up. —*Traum v. Keiffer & Wife,* 31 Ala. 136; 3 Mayf. 427, sec. 387; 43 Ala. 561; *Formby v. Hood,* 119 Ala. 231; *Herzberg v. Hollins,* 119 Ala. 496; *Ashurst v. Ashurst,* 119 Ala. 219; *Thompson v. Sanborn,* 35 Am. Dec. 490.

LACKEY & BRIDGES, for appellee. If the subject matter of a suit in a Justice of the Peace court be in excess of the amount of the jurisdiction of the court, and no objection is raised thereto in the Justice court, and the cause proceeds to trial without objection, an objection on that ground cannot be interposed in the Circuit court on appeal to that court.—*R. & D. R. R. Co. v. Thomas,* 102 Ala. 575.

When special pleas are agreed to be taken in short by consent, it can only be understood by the court, that matters of form are waived. The plea must contain substance, or what if admitted, will make out a case for the party pleading.—*Gayle v. Randall,* 4 Por. 232; *Steele v. Walker,* 115 Ala. 485. An estoppel as a defense at law or in equity, must be specially pleaded to be available.— *Banks v. Leland,* 122 Ala. 289; *Jones v. Peebles,* 130 Ala. 564; 10 Enc. of Pl. & Pr. P. P. 13-14; 16 Cyc. 806. A party claiming an estoppel must have been injured thereby, or have incurred liability, or his position must be

changed on account thereof.—*Watson v. Knight*, 44 Ala. 352; *Planter Co. v. Selma Bank*, 63 Ala. 595; *Sanders v. Robertson*, 57 Ala. 465.

McCLELLAN, J.—Detinue for a horse, begun in a justices's court and brought to the circuit court by Blair, the defendant, appellant here. The transcript from the justice's court recites that: "This day came the parties, and the defendant pleaded in short by consent, and has leave to offer in evidence any facts that may be specially pleaded, and issue being joined thereon. * * *" There is, of course, nothing in the transcript from the justice's court to indicate what was, in fact, offered in defense of the action—its character or purport. When the cause reached the circuit court on appeal, the defendant sought to plead in abatement to the jurisdiction of the justice's court. These pleas came too late (*L. & N. R. Co. v. Barker*, 96 Ala. 435, 11 South. 453, and authorities therein cited), unless the recital quoted warrants the assumption, contended for by appellant, that such pleas were embraced in the general leave and consent to plead in short. It is extremely doubtful whether the quoted recital, in reference to the pleading before the justice, shows such a proceeding as to rise to the dignity of pleading in short by consent.—16 Ency. Pl. & Pr. p. 559 et seq., and notes. From the recital not even the nature of the plea or matter of defense is stated. Generally such short pleading by consent contains at least a suggestion of the nature of the defense, a skeleton, the formal ample statement of which only is waived by the pleading in short, by consent; else another court would be, as we are here, wholly uninformed as to what was the defense interposed.—*Steele v. Walker*, 115 Ala. 485, 21 South. 942, 67 Am. St. Rep. 62. As indicated to hold that the pleas

in abatement presented in this case after its removal to the circuit court, were in time, had not been waived, is to affirm that the matter in abatement, going to the jurisdiction of the justice in the premises, was brought to the attention of the primary court. In this court a complainant must show error on the record. He can only do so in this instance by an assumption without any support in the record. That such matter in abatement might have been shown under the indefinite leave appearing in the quoted recital need not be denied, in order to justify the circuit court in ignoring such matter in abatement for the reason that the appellant's obligation, if he would put the circuit court in error, is to show by the record that he in fact in the justice's court presented the matter in abatement he later undertook to assert in the circuit court. That court committed no error in its treatment of the pleas in abatement, or motion to like effect.

An estoppel was sought to be invoked, in the evidence only, by the defendant, predicated upon the asserted fact that the attorney for the plaintiff, with ample authority in the premises, silently premitted, while present, the sale of the horse in question and its purchase by defendant for a valuable consideration. Such a defense must be specially pleaded, as was not done in this instance. As a matter of authority, this court, in *Jones v. Peebles,* 130 Ala. 269, 273, 30 South. 564, so determined the question. Therein it was said: "And we do not see how it can be held otherwise, in cases at law, whether the defense relied upon be an estoppel by record, by deed, or in pais, in view of the plain mandate of the statute, if he (the defendant) does not rely solely on a denial of the plaintiff's cause of action, he must plead specially the matter of defense."—Code 1907, § 3205. In detinue, no more than in any other action at law, can it be said that the statute, quoted in *Jones v. Peebles,* had no ef-

fect upon the common-law rules of pleading. At common law an estoppel in pais need not have been pleaded.— Bigelow's Estoppel, p. 585. Under the letter of our statute, however, the inquiry is, in all cases, whether matter asserted in defense is special in the sense that it is not comprehended in the issue made by a general traverse of the allegations of the declaration. That the estoppel attempted to be here availed of, in the testimony only, was special matter of defense, is apparent, because it goes, not to the title of the plaintiff to the chattel, nor to his right to the possession, but involves conduct on his part that affects, not to deny his right to the thing itself, but to foreclose his right to assert the truth in the premises, viz., that the property, and right of immediate possession thereof, were with him, the plaintiff. It has been often held here that, in detinue, the statute of limitations is available in defense under the general issue; but that is because, as said in *Lay v. Lawson,* 23 Ala. 392, "the statute of limitations acts upon the title of personal property, and not only bars the remedy, but destroys the right." Estoppel in pais, as here involved, has no such fundamental effect. It is true some of our decisions affirm that the general issue in detinue puts in issue the right of the plaintiff to recover; but this declaration is necessarily short of a ruling, in effect, that the general issue is the only serviceable plea in detinue. Our Reports contain many cases where it seems to have been assumed by litigants and courts that special matters of defense should be specially pleaded, thus negativing any idea that the general issue puts in issue every possible obstacle to a recovery by the plaintiff. This is notably true in respect of actions of detinue, where justification under process was pleaded. Additional to the reliance placed upon the holding in *Jones v. Peebles, supra,* sound reason and the scores of authorities noted in 16 Cyc. p. 806 et seq., dem-

[Blair v. Williams.]

onstrate, we think, the correstness of the view so express-
ed in *Jones v. Peebles*. Of course, if matter of estoppel
in pais should have been specially pleaded, and was not,
the result was a waiver thereof.—8 Ency. Pl. & Pr. pp.
13, 14.

The plaintiff presented testimony tending to show
prior possession of the horse and also title thereto de-
rived from A. J. Williams, plaintiff's father. The de-
fendant's defense seems to have been that one Penton had
a mortgage, executed by A. J. Williams, to him on the
horse here in suit, and that this mortgage was foreclosed
by a sale at public outcry, at which defendant became the
purchaser for value of the horse. There was no proof
tending to show when such alleged mortgage was given
to Penton, whether before the horse became plaintiff's
or not; whether, at the time the alleged mortgage was
given to Penton by A. J. Williams, A. J. Williams own-
ed or had possession of the horse or not. In other words,
the proposition is that on testimony of the mere exist-
ence, without reference to any date or period, and with-
out offering in evidence the instrument, of a mortgage on
a horse in controversy, executed by a third party, a sale
in foreclosure of the mortgage, and purchase thereat
by the defendant, such purchaser may defeat a plaintiff
in detinue who shows prior possession of the animal.
Obviously, no right, title, or interest in or to the animal
is shown by such testimony. It may be assumed to be
true, and yet the alleged purchaser be a trespasser with-
out semblance of right to the possession of or title to
the property; and a wrongdoer must always fail in detin-
ue by a plaintiff showing prior possession. If a purcha-
ser at a mortgage sale would clothe himself with a meas-
ure of right, in title or possession, to the chattel involved,
he should show a valid mortgage by one having title to

[Blair v. Williams.]

the chattel mortgaged. A mortgage given by one without right to or title in the property is, of course a nullity.

During the cross-examination of the witness Martin, counsel for the defendant stated to the court that A. J. Williams had given a mortgage to Penton on the horse in suit, that the horse had been sold under the mortgage, and that defendant bought the horse at the sale for a valuable consideration and without notice of another suit for the horse pending between Penton and the plaintiff. The court was not invited to make, and did not make, any ruling or reference to this statement. Thereupon counsel for defendant propounded to the witness Martin, who, it had been shown, traded the horse in suit to plaintiff a year or more before the institution of this suit, this question: "Do you know whether it was Joe's [plaintiff's] horse or his father's (A. J. Williams') horse that was swapped to you for the horse involved in this suit?" The court sustained an objection to the question. The objection was properly sustained, on the ground, if not otherwise, that the title to a different horse from that involved in this suit was inquired about.

We discover no error in the record, and the judgment is affirmed.

Affirmed.

HARALSON, DOWDELL, and SIMPSON, JJ., concur. ANDERSON and DENSON, JJ., concur in the conclusion. TYSON, C. J., dissents.