# Cammack *v.* Lavender.

*Detinue.*

(Decided November 27, 1913.  63 South. 686.)

*Detinue; Right of Action; Prior Possession.*—Where a defendant's subsequent possession is unconnected with the true ownership, a plaintiff's prior possession of personal property entitled him to recover it in detinue although he be not the owner.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Detinue by Leo. Cammack against T. J. Lavender for cow and calf. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The charge referred to is as follows: "The court charges you that the burden is on plaintiff to convince you to your reasonable satisfaction that the cow belongs to plaintiff, and that, unless you are so convinced by the evidence, then you must find for defendant."

T. J. BEDSOLE, for appellant. The court erred in giving the charge requested by defendant.—*Foster v. Chamberlain,* 41 Ala. 158; 35 Ala. 355. Counsel discusses other errors assigned, but without citation of authority.

WILSON & TUCKER, for appellee. No brief reached the Reporter.

WALKER, P. J.—We are unable to escape the conclusion that the court was in error in giving the charge in writing requested by the defendant. There was evidence tending to prove that the plaintiff was in possession of the personal property sued for before it came into the possession of the defendant, and that the defendant did not connect himself with the title to or the ownership of that property. A plaintiff's prior possession of the personal property sued for entitles him to recover it in detinue if a subsequent possession of it shown by the defendant is unconnected with the true ownership of it.—*Hardison v. Plummer* 152 Ala. 619, 44 South. 591; *Blair v. Williams,* 159 Ala. 655, 49 South. 71. Under the charge mentioned the plaintiff's right to recover was conditioned upon his sustaining the burden of proving to the reasonable satisfaction of the jury that the property sued for belonged to him—in other words, that he had title to or was the owner of it. Under one aspect of the evidence he was entitled to recover though the evidence in his favor did not go so far.

Other questions presented need not be considered, as they are such that they may readily be avoided in another trial.

Reversed and remanded.