### WESTERN UNION TELEGRAPH CO. v. ALDRIDGE. †

(Circuit Court of Appeals, Fifth Circuit. December 15, 1914.)

#### No. 2711.

1. Pleading ☞87—Pleas—Short Form—Consent.

    Where a defendant pleaded the general issue and special pleas, as authorized by Code Ala. 1907, § 5331, it was prejudicial error for the trial court, over defendant's objection, to strike out such special pleas, compel defendant to plead in short form, and enter on the docket, without his consent, that any matter of defense might be given without reference to the pleading, and that the record should show an agreement that any legal matter might be introduced without reference to the pleas.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 180; Dec. Dig. ☞87.]

2. Courts ☞340—Federal Courts—State Courts.

    While by the Conformity Act (Rev. St. § 914) federal trial courts in actions at law are governed by the statutes of the state, the federal appellate courts are not amenable to the statutes or rules of the state courts adopted in pursuance thereto, but are governed by the statutes of the United States and by rules adopted pursuant to the powers therein granted.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 900; Dec. Dig. ☞340.

    State laws as rules of decision in federal courts, see note to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Action by E. A. Aldridge against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Forney Johnston, of Birmingham, Ala., for plaintiff in error.

D. H. Riddle, of Talladega, Ala., and Stallings & Nesmith, of Birmingham, Ala., for defendant in error.

Before WALKER, Circuit Judge, and SHEPPARD and CALL, District Judges.

CALL, District Judge. This is a writ of error sued out by plaintiff in error from the judgment rendered against it in the United States District Court for the Southern Division of the Northern Dis-

trict of Alabama. The suit was brought in the state court for Shelby county and proceeded to trial under the issues made by the complaint. and pleadings filed thereto until the testimony was in and argument begun to the jury, when the plaintiff amended its complaint by increasing the ad damnum clause to an amount cognizable by the District Court of the United States. Thereupon the defendant below filed its motion, tendered by the bond required, to remove said cause to the District Court, which was done. The case came on for trial at a subsequent term of the District Court, and the plaintiff under the proceedings allowed and recognized in Alabama, tendered his complaint as filed in the state court, consisting of two counts, whereupon the defendant tendered its demurrer theretofore filed in the state court to same, which demurrer was heard and overruled. The defendant then tendered its pleas, the plea of general issue and some 14 special pleas. The plaintiff had on file in the record of the case sent up from the state court demurrers to the special pleas, and without making any motion to strike any or all of said special pleas, or any parts of the same, and without again tendering said demurrers theretofore filed to said special pleas, and before any ruling on said demurrers by the District Court, volunteered to agree to plead in short by consent with leave to give in evidence any legal matter. The defendant declined to enter into any such agreement and insisted on its right to have the issues on which the case was to be submitted to the jury defined and settled by its pleas then tendered. The trial court overruled the objection and the exception of the defendant, declined to receive or consider the pleas or any of them, and announced:

"That the court would enter on the docket that any matter of defense may be given without reference to the pleading; that the record would show an agreement that any legal matter be introduced without reference to pleas."

The defendant then excepted to such ruling and objected to proceeding with the trial under such circumstances, which objection was overruled, and the defendant excepted to such ruling.

The plaintiff in error has assigned some 34 grounds of error, some of them with subheads, but we shall only discuss the sixth and seventh grounds of error assigned, as in the judgment of a majority of this court these errors necessitate a reversal and remanding of this cause for a new trial.

The sixth assignment of error is the court erred in declining to receive or entertain defendant's several special pleas. The seventh error is the court erred in requiring defendant to proceed with the trial without pleas specially setting forth the defenses relied upon. There is no doubt that under the decisions of the Supreme Court of Alabama, the parties to a suit may by consent plead in short, and if the court approves, proceed to trial under the issues thereby made, and it is also well established that by such proceeding the parties thereto estop themselves from complaining of such proceeding, and the defendant will not thereafter be heard to complain that his right to plead the general issue and special pleas guaranteed him under the laws of Alabama (Code Ala. 1907, § 5331) has been denied.

[1] There can be no question in this case of pleading in short by

consent, for the reason that the record in this case affirmatively shows that there was no consent on the part of the defendant, but on the contrary, it was forced to trial over its very strenuous objections to the mode of procedure adopted by the court in this case, and its exceptions properly and seasonably reserved to the ruling of the court.

Pleading in short is commonly used in Alabama, and in Abercrombie v. Mosely, 9 Port. (Ala.) 145, Justice Goldthwaite said:

"It is to be regretted that this laxity of pleading was ever countenanced by the court, but it has prevailed too long, and been sanctioned by too many decisions, to be now overturned. If the parties to a cause will consent to this course of pleading, perhaps no very evil consequences will flow from it."

"This is not a proper method of pleading, in the absence of statute, unless adopted by consent." Ency. of Pleading and Practice, 560.

"There was no consent on the part of the plaintiff to receive the plea as it was pleaded, and it was clearly erroneous to hold it good." Shields v. Byrd, 15 Ala. 822.

Thus we see that, in the absence of statutory authority for such pleas, consent of the parties is a necessary ingredient, and there is no statutory authority for the same in Alabama. As far back as Abercrombie v. Mosely, Justice Goldthwaite, supra, deplored the reception of such pleas even by consent. Again, Justice Dargan, in Strange v. Powell, 15 Ala. 456, says:

"We know that the practice has prevailed in the Circuit Court of pleading the usual pleas merely by stating their name, and when no objection is made to the pleas thus pleaded, we will not permit the objection to be first raised in this court. * * * But when objections were made to such pleas in the court below and are not waived here, we cannot consider them as pleas, nor pronounce that the court erred in striking them out, even if they would have constituted a bar if pleaded in due form."

It was well said by Chief Justice Waite, in Hill v. Mendenhall, 21 Wall. 455, 22 L. Ed. 616:

"The office of pleading is to inform the court and the parties of the facts in issue; the court that it may declare the law, and the parties that they may know what to meet by their proof."

See, also, McFaul v. Ramsey, 20 How. 524, 15 L. Ed. 1010, where Mr. Justice Grier says:

"Hence it is necessary that the parties should frame the allegations which they respectively make in support of their demand or defense into certain writings called pleadings."

It would seem on principle that the defendant has the right, before he is forced to an introduction of his testimony, to know which of the issues he has tendered, if supported, will bar the recovery, and to have those issues, when definitely made, disclosed by the record, so that the action of the court in eliminating any of them may properly be presented for review. Unless the record shows this, the appellate court cannot and will not review the action of the trial court. As said by Justice McClellan in Blair v. Williams, 159 Ala. 659, 49 South. 72, "In this court a complainant must show error on the record," and although in that case the parties by consent pleaded in short and with leave to offer in evidence any facts that could be specially pleaded, the Supreme Court affirmed the judgment because the record did not

show error. So, also, Converse Bridge Co. v. Collins, 119 Ala. 534, 24 South. 561.

Section 5331, Code Ala. 1907, provides:

"The defendant may plead more pleas than one without unnecessary repetition; and, if he does not rely solely on a denial of the plaintiff's cause of action, must plead specially the matter of defense."

In the instant case the defendant tendered the general issue and some 14 special pleas, setting up contributory negligence, and assumption of risk, to meet different phases of the testimony as it might be produced. Each and every of the pleas were stricken down by the court against the objection of the defendant, and the court against such objection undertook to frame such issue for the defendant, not by requiring an amendment when the particular plea was an insufficient statement of fact or redundant, nor by striking any pleas that were unnecessary repetitions, but by making a docket entry that any matter of defense may be given without reference to the pleading. Clearly this was an invasion of the right secured to it by section 5331 of the Alabama Code, above quoted, and when done, not with the consent of the defendant, but against its objection, is reversible error, unless it affirmatively appears from the record that it is error without injury.

[2] We are referred by the attorneys for defendant in error to rule 45 (61 South. ix) of the Supreme Court of Alabama, but it is pertinent to remark in this connection that said rule cannot be invoked for our guidance in this case. The statutes of the state, under section 914 of the Revised Statutes, govern the trial courts in actions at law, but the proceedings in the appellate courts are not amenable to such statutes or rules adopted in pursuance thereof, but are governed by the statutes of the United States and the rules adopted in pursuance of the powers therein granted.

The defendant in error claims that the judgment should be affirmed because, if error was committed, it was error without injury, and refers to Garner et al. v. Morris, 65 South. 1002, to support his contention. We have examined that case, as well as Taylor et al. v. Corley et al., 113 Ala. 580, 21 South. 404. These cases are not alone in deciding the questions therein decided. There are many decisions from the many states and many cases in the United States courts which have decided that error committed by the trial court will not support a reversal when such error has not resulted in injury to the appellant or plaintiff in error. An examination of Garner v. Morris will show the quotation relied upon is obiter dicta.

In this case, after a careful review of the record herein, we are not able to say that it affirmatively appears that no injury was done plaintiff in error by the action of the court in striking its pleas and forcing it to trial with no issue of fact made. It would, we think, be impossible for the jury, in the mass of testimony introduced, to bear in mind and apply to the different issues outlined in the charge of the court, covering some 18 pages of the record, the salient facts bearing on those issues as defined in the charge, and which were not the issues as proposed by defendant.

Due and orderly procedure requires that the issues or claims of the plaintiff on the one hand, the defenses sought to be set up by the defendant on the other, should be succinctly stated to the jury before the introduction of testimony is begun. Garrett, Adm'r, v. Louisville & Nashville R. Co. (Nov. 30, 1914), 235 U. S. 308, 35 Sup. Ct. 32, 59 L. Ed. ——. We recognize the rule that the introduction of immaterial evidence that could not affect the verdict is not reversible error, but it must appear to the appellate court that such immaterial evidence could not affect the party complaining injuriously. And, as before stated, we could not say on this record that the defendant was not injuriously affected by the court forcing it to trial with only the plea of general issue and permission to give in evidence any matter of legal defense. Its positive statutory right to plead its defense and thus formulate the issues it desired to present to the jury, so long as said issues were material and no unnecessary repetitions, was invaded. It seems to a majority of this court that it is not a sufficient answer to say, "You must show injury." It seems to us that the words of Justice Phelan, in Brooks v. McFarland, 20 Ala. 483, are pertinent and can be applied to this case with effect:

"The court erred in overruling the demurrer. The error of the court in sustaining the plea entered of course into the trial and instruction to the jury."

For the errors pointed out the case will be reversed and remanded for a new trial, the costs to be taxed against the defendant in error.

It is so ordered.