(84 South. 566)

NORTH AMERICAN ACC. INS. CO. v. RATHER. (8 Div. 668.)

(Court of Appeals of Alabama. Nov. 18, 1919.)

1. PLEADING ⬥⟹111—PLEA IN ABATEMENT, UNNECESSARILY ALLEGING IT WAS INTERPOSED IN COURT BELOW, REQUIRES DEFENDANT TO PROVE IT.

Though the fact necessary to entitle defendant to file plea in abatement in the circuit court on appeal from inferior court, that it was primarily interposed below, need not be alleged in the plea, it being so alleged, defendant must prove it.

2. COURTS ⬥⟹185—PLEA IN ABATEMENT TOO LATE WHEN FIRST INTERPOSED IN CIRCUIT COURT ON APPEAL.

That plea in abatement may be available in circuit court on appeal from inferior court, it must have been interposed in the inferior court.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by Bertha Rather against the North American Accident Insurance Company for sick benefit. Judgment for defendant, which on motion of plaintiff was set aside, and the defendant appeals. Affirmed.

This case was tried first in the inferior court of Decatur, where judgment was rendered for the plaintiff. Defendant procured certiorari and brought the case to the circuit court, where the defendant filed the following plea:

Comes the defendant, having heretofore interposed the same objection in this cause in an inferior court of Decatur, Ala., from which the appeal was had, prays that this cause be quashed, abated, etc., for this:

(1) As a part and parcel of this policy sued on, it was stipulated and agreed as follows:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy."

That the plaintiff filed her proof of loss on, to wit, January 27, 1917, and instituted this suit March 15, 1917.

(2) It was stipulated and agreed in and by the policy sued on, and which was a part and parcel thereof, as follows:

"Written notice of sickness on which claim may be based must be given to the company within ten days after the commencement of disability from such sickness."

Defendant avers that the plaintiff's disability counted on commenced October 2, 1916, and the first written notice of said sickness was given on, to wit, October 23, 1916.

The jury found for the defendant on its plea of abatement, and judgment was entered accordingly. The plaintiff moved for new trial on the grounds that there was no evidence before the court that said plea was filed in the inferior court.

S. A. Lynne, of Decatur, for appellant.

No formal procedure was necessary. Standard Encyclopedia of Procedure, 42. The suit was prematurely brought. 127 Cal. 480, 59 Pac. 901.

H. V. Cashin, of Decatur, for appellee.

The court will not disturb the finding of the trial court. 4 Mayfield, 313; 14 Ala. App. 144, 68 South. 584; 197 Ala. 457, 73 South. 92.

MERRITT, J. [1, 2] It was not a necessary averment of the pleas in abatement, filed by the defendant in the circuit court, that it had heretofore interposed the same objection in the cause in the inferior court of Decatur, while it was necessary to show that it had been done primarily in the inferior court when brought into question in the circuit court; yet, notwithstanding all

this, when the defendant in his plea, whether formally or informally, stated it as a fact that this same objection had been interposed in the inferior court, it made this the statement of a fact, a material fact—one that it assumed the burden of proving, and having failed to prove, was not entitled to recover. It was a fact that had to be proven as having been done primarily in the inferior court when brought into question, and the appellant having voluntarily assumed the burden, and thereby raising the question and putting it in issue, it should have proven it.

There was a total want of testimony to show that this plea had been interposed in the inferior court; in fact, the transcript sent up to the circuit court as it appears in the record shows that the case was tried on its merits in the inferior court. And the plea came too late when filed for the first time in the circuit court. L. & N. R. R. v. Barker, 96 Ala. 435, 11 South. 453; Blair v. Williams, 159 Ala. 655, 49 South. 71.

The trial court was right in granting the plaintiff a new trial, and its action in so doing is affirmed.

Affirmed.