28 So.2d 916

**RAY v. TERRY et al.**

**4 Div. 953.**

Court of Appeals of Alabama.
Dec. 10, 1946.

Rehearing Denied Jan. 7, 1947.

Martin & Jackson, of Dothan, for appellant.

Lee & Lee, of Dothan, for appellees.

CARR, Judge.

This case was submitted to the jury in the court below on Count 2 of the complaint, whereby a recovery was sought against the defendant for damages which allegedly were caused by the negligent act of the defendant in parking or stopping her automobile on a highway.

The sufficiency of the complaint was not tested by demurrers. A general denial was interposed, and in this manner the issues were framed. The trial resulted in a verdict in favor of the plaintiff, and from this judgment the defendant prosecutes this appeal.

All assignments of error are grouped in argument in brief of appellant's counsel. Under such treatment, if one of the assignments is without merit, a consideration of the others may be pretermitted. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Norwood Hospital, Inc. v. Howton, ante, p. 375, 26 So.2d 427.

The major portion of appellant's brief is devoted to cogent insistence that the affirmative charge was due the defendant. We will rest this opinion on a determination of this question.

Out of deference to able counsel we do not hesitate to here observe that the reasons we shall give to demonstrate our conclusions on this prime query will also serve to show that the other assignments are without merit.

This inclusion is without reference to assignments numbered 4 and 5. These present the propriety of the ruling of the trial court in denying the motion for a new trial, and with reference to these we will not charge error.

Appellee's evidence tended to disclose the following set of circumstances: Appellee's son was driving the former's automobile

**584**

along a paved highway about nine o'clock at night. There were four other male persons in the car. As they traveled northward, at a moderate rate of speed, and had reached a vantage point of about 200 yards, they first observed the lights from appellant's car, which was headed in a southern direction. When they had proceeded about 50 yards, the driver saw that the car ahead was stopped, but its exact location on the highway could not at that time be determined, primarily because the beams from its head and spot lights were extended at an angle to the direction of the road. When appellee's car came within 15 or 20 yards of the parked car, the glaring light rays from the latter blinded the driver of the former. He steered further to the right, off the paved surface of the road, and the collision occurred. It is undisputed in the evidence that appellant's car was parked on the left side, looking south, and was positioned so that its right wheels were approximately three or four feet from the left edge of the road pavement. The occupants of the standing car had not gotten out, and they testified that the automobile had been in the above described position for several minutes before the impact, and that the lights on the car, in which they were seated, were not shining brightly as the appellee claimed.

Appellant's attorney anchors his argument primarily on the insistence that the plaintiff below failed in his proof and this because it was established without conflict in the evidence that defendant's car was struck at a time when it was not parked on the paved portion of the highway.

■ It is, of course, a legal truism that in the instant case the burden was on the plaintiff to prove by the evidence, to the reasonable satisfaction of the jury, the truth of every material allegation of the complaint.

■ We are unable to give to the averments in the complaint in the case at bar such a narrow and limited interpretation as is urged by appellant. It is not based on the violation of any specific statute which regulates the use of the road. In this particular it differs from the complaint in Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135, 136.

Justice Bouldin, writing for the Supreme Court in the Winn case, supra, said: "Available defenses to such charge included a denial that the truck was parked on the paved portion of the highway. If parked clear of the pavement, there was no negligence." This pronouncement was in agreement with and cognizant of the provisions of the statute upon which the complaint was rested.

In the instant case the use of the word "highway" cannot be made to mean only the paved portion thereof. The Legislature, in the law promulgating the "Rules of the Road," defined the term "highway": "Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel." Title 36, Sec, 1(p), Code 1940. See also, Dunn & Lallande Bros. v. Gunn, 149 Ala. 583, 42 So. 686; Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868; 25 Am. Jur., Highway, Sec. 2, p. 339.

Appellant's counsel in reply brief urges the point that from aught appearing from the evidence defendant's car was parked on private property. Appellee's exhibit No. 1 shows a picture of an automobile, which, according to the undisputed testimony, is parked in approximately the same place as appellant's car was positioned at the time of the collision. An observance of this photograph demonstrates clearly that this insistence in not tenable.

Our considered opinion is that the general affirmative charge was not due the appellant and that the judgment of the nisi prius court should be affirmed. It is, therefore, so ordered.

Affirmed.