31 So.2d 105

## TERRY v. STATE.

### 4 Div. 924.

Court of Appeals of Alabama.

March 18, 1947.

Rehearing Denied April 8, 1947.

Lee & Lee, of Dothan, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun by complaint, and warrant being made returnable to the County Court of Houston County, Alabama. The case was tried in said court on March 5, 1944, and the offense charged was for the violation of the Statute. Title 3, Section 9, Code of Alabama 1940, which Statute reads as follows: "Any person, who unlawfully, wantonly, or maliciously kills, disables, disfigures, destroys, or injures any animal, or article or commodity of value, the property of another, must, on conviction, be fined not less than twice the value of the injury or damage to the owner of the property, nor more than five hundred dollars and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months; and so much of

the fine as may be necessary to repair the injury or loss shall go to the party injured."

The trial in the county court resulted in the conviction of the accused, and from the judgment of conviction in said court, an appeal was taken to the circuit court of that county; a jury trial was demanded and accorded.

Upon the trial in the circuit court the Solicitor, as the law requires, filed an "information" (complaint) to which defendant interposed his plea of not guilty. The trial was had on July 11, 1945, and resulted in the conviction of defendant, the jury returned the following verdict: "We, the jury, find the defendant guilty and fix his fine at $480.00." The judgment entry, among other things, shows the following:

"The defendant, having failed to pay the fine and cost in this case or to confess judgment therefor according to law, it is therefore considered, ordered and adjudged by the court that the said defendant, John Terry, be and he is hereby sentenced to hard labor for a period of 140 days to work out the fine and to an additional period of 121 days at the rate of 75¢ per day to work out the cost, $90.65.

"Defendant gives notice of appeal and execution of sentence is suspended pending appeal and bond for appearance of defendant fixed at the sum of $500.00."

From the judgment of conviction in the circuit court this appeal was taken.

Pending the trial in the lower court innumerable exceptions were reserved to the rulings of the court, most of which were incorporated in defendant's motion for a new trial, which motion was predicated upon 26 separate and distinct grounds.

The alleged offense complained of in the instant case grew out of a collision between the car of the alleged injured party, and the automobile being driven by defendant, and owned by his father J. E. Terry.

Upon investigation we find that the facts in this case, as disclosed by the evidence in the court below, are identical with the facts and evidence in our recent case of Ray v. Terry, appealed here from the Houston Circuit Court. Ala.App., 28 So. 2d 916, 917.[1] Both cases grew out of the same transaction. In the case, supra (Ray v. Terry), of which of course we take cognizance, it was definitely held and determined that the accident or collision, the basis of this prosecution, was due to the negligence of Mrs. Ray (the alleged injured party here), by unlawfully parking her automobile on the left side of the highway in the manner as disclosed by the undisputed evidence. Quoting from the opinion in the Ray case: "Appellee's evidence tended to disclose the following set of circumstances: Appellee's son was driving the former's automobile along a paved highway about nine o'clock at night. There were four other male persons in the car. As they traveled northward, at a moderate rate of speed, and had reached a vantage point of about 200 yards, they first observed the lights from appellant's car, which was headed in a southern direction. When they had proceeded about 50 yards, the driver saw that the car ahead was stopped, but its exact location on the highway could not at that time be determined, primarily because the beams from its head and spot lights were extended at an angle to the direction of the road. When appellee's car came within 15 or 20 yards of the parked car, the glaring light rays from the latter blinded the driver of the former. He steered further to the right, off the paved surface of the road, and the collision occurred. It is undisputed in the evidence that appellant's car was parked on the left side, looking south, and was positioned so that its right wheels were approximately three or four feet from the left edge of the road pavement. The occupants of the standing car had not gotten out, and they testified that the automobile had been in the above described position for several minutes before the impact, and that the lights on the car, in which they were seated, were not shining brightly as the appellee claimed."

The jury, who tried the case, based its verdict in accordance with above quoted testimony of appellee. The trial court approved same by its rulings, and the final adjudication in the appellate court was affirmance of the case.

---

[1] 32 Ala.App. 582.

In the case at bar we are constrained to hold likewise, and this results in the reversal of the judgment of the lower court from which this appeal was taken.

■ There are numerous other insistences of error in this case, but from what has been said we see no necessity of discussing these other questions, except, however, to say, we are of the opinion that the evidence in the case at bar fails to sustain the essential ingredients of the offense as charged; that is to say, it falls short of establishing the fact that the acts of defendant complained of were unlawfully, wantonly, or maliciously done.

Reversed and remanded.