44 So.2d 796

CULP v. CASH et al.

5 Div. 279.

Court of Appeals of Alabama.

Jan. 24, 1950.

Rehearing Denied Feb. 28, 1950.

J. B. Atkinson, of Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, of Clanton, for appellees.

CARR, Judge.

Kersey Cash, Jr. and C. D. Burnett sued J. H. Culp in detinue for the recovery of one 1937 Ford pickup truck.

Pleas were in short by consent.

The trial resulted in a jury verdict in favor of the plaintiffs for the property sued for, with the alternate value fixed at $300.

The evidence for the plaintiffs, which was the only testimony offered, is in the main undisputed.

It appears that Cash bought the truck from C. R. Hicks. At the time, the Brent Banking Company held a mortgage on the property.

Cash delivered the possession of the truck to Burnett with the agreement that the latter would repair the same and replace certain needed parts. It was further agreed that, when the work was completed, Burnett would sell the truck and, out of the proceeds of the sale, Cash was to receive the amount he paid for the property and Burnett was to receive the cost of the repairs. The excess would be equally divided between the two parties.

According to the evidence, Cash paid $110 for the truck, and the repair bill was about of equal amount. Several days after the work was completed, Burnett sold the truck to the appellant Culp. A price of $375 was agreed upon. $100 in cash and

a check for $250 were delivered to Burnett. The check was drawn on the Peoples Savings Bank of Clanton. The balance of $25 was paid a few days after the sale.

Burnett endorsed and delivered the check to Cash, and the latter cashed it at the Brent Banking Company. He learned then, for the first time, of the existence of the mortgage. Cash forthwith paid the mortgage indebtedness, which was about $110. About a week later, Cash was notified that Culp had stopped payment on the $250 check. The former was required to make good the amount of the check to the Brent Banking Company on account of the failure of clearance.

Culp kept the truck and never rescinded his stop-payment order on the check.

■ All of the assignments of error are grouped in argument in brief of appellant's counsel and kindred questions are not thus presented. Under these circumstances, if one of the assignments is without merit, a consideration of the others may be pretermitted. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Christ v. Spizman, 33 Ala.App. 586, 35 So. 2d 568; Ray v. Terry et al., 32 Ala.App. 582, 28 So.2d 916.

The question that is urged most cogently in brief of appellant's counsel has reference general affirmative charge in defendant's to the action of the court in refusing the behalf.

This argument is based on the positions: (1) That the legal title to the truck was in the Brent Banking Company at the time the suit was filed. (2) That there was a misjoinder of parties plaintiff, in that Burnett did not have such an interest in the property as would entitle him to jointly maintain the cause of action, and therefore he was improperly joined as a party plaintiff.

■ The first contention may be disposed of by simply pointing out that under the undisputed evidence the mortgage had been paid and the indebtedness to the bank satisfied before the instant suit was filed.

■ It cannot be successfully contended that Culp acquired title to the truck. It is a legal truism that when a sale of property is made for a cash consideration and a check is tendered as the cash payment, no title passes to the vendee until the check is paid or honored. J. L. McClure Motor Co. v. McClain, Ala.App., 42 So.2d 266; Barksdale v. Banks, 206 Ala. 569, 90 So. 913; Moore v. Long, 250 Ala. 47, 33 So.2d 6; Jefferson Motors Co. v. Williams, 227 Ala. 432, 150 So. 355; Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292.

■ It is, of course, axiomatic that the plaintiff, to maintain detinue action, must show that at the time of the commencement of the suit he had general or special property in the chattel sued for, with the right to immediate possession thereof. McEntyre v. First National Bank, 27 Ala.App. 311, 171 So. 913; Andalusia Motor Co. v. Mullins, 28 Ala.App. 201, 183 So. 456.

■ "Prior actual possession, alone, will authorize a recovery against a mere wrongdoer, not showing any right of property in himself." Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234, 236. See also, Blair v. Williams, 159 Ala. 655, 49 So. 71; Cammack v. Lavender, 9 Ala.App. 443, 63 So. 686.

■ The undisputed evidence, the tendencies of which we have hereinabove delineated, clearly establishes the necessity of making Burnett a party plaintiff to the cause of action.

It is ordered that the judgment below be affirmed.

Affirmed.