70 So.2d 428

## LAMB v. CITY OF GADSDEN.

### 7 Div. 283.

Court of Appeals of Alabama.

Feb. 9, 1954.

Roy D. McCord, Rowan S. Bone and Rains, Rains, Odom, & Acee, Gadsden, for appellant.

Copeland & Copeland, Gadsden, for appellee.

CARR, Presiding Judge.

The accused was tried and adjudged guilty in the Recorder's Court of the City of Gadsden, Alabama, on a charge of driving an automobile while intoxicated. From this judgment he appealed to the circuit court and was there again convicted of the indicated charge.

 The nature of this appeal requires the same formality as appeals in civil cases so far as assignments of error and briefs of counsel are concerned. Stinson v. City of Birmingham, 31 Ala.App. 577, 20 So.2d 113.

We find no fault with the assignments of error, but appellant's brief fails to comply with Supreme Court Rule No. 10, Code 1940, Tit. 7 Appendix.

The brief contains the heading "Statement of Facts", under which there is a brief account of the procedures from the time of appellant's arrest to his conviction in the circuit court. Although the insufficiency of the evidence to sustain the verdict is posed by the assignments of error, there is no reference whatever under this heading to the facts in the case.

Then appears the heading "Argument and Law." There are no separate headings of each error relied on with citation of authorities, as the rule requires. The assignments are argued in bulk.

In the case of Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568, 571, Judge Harwood, writing for this court, made this statement:

"The office of a brief in a civil appeal is to aid the appellate court to understand quickly the issues involved and give such court an adequate basis for such understanding. A progressive sifting of the contents of the record proper, discarding those portions not necessary to proper conclusion, and highlighting the acts of the lower court of which the appellant feels he has cause to complain should be the ultimate aim of every brief. An adequate specification of the errors relied on is a necessary step in such refining process."

We see no reason to depart from the mandates of the rule in the case at bar.

The judgment below is ordered affirmed.

Affirmed.