72 So.2d 735

**WYATT**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 801.**

Court of Appeals of Alabama.

May 11, 1954.

G. J. Prosch and Jos. C. Barnard, Birmingham, for appellant.

J. Reese Johnston, Jr., Birmingham, for appellee.

CARR, Presiding Judge.

The prosecution in this case was instituted in the Recorder's Court by the City of Birmingham, Alabama for an alleged violation of one of its ordinances.

This appeal is from a judgment of conviction in the circuit court.

 With reference to assignments of error and brief of appellant's counsel the same rules obtain as in civil cases. Freeman v. City of Montgomery, 36 Ala.App. 473, 59 So.2d 358; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; Lamb v. City of Gadsden, ante, p. 456, 70 So.2d 428; Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115.

There are ten assignments of error. Some of these are not sufficiently specific, but we will not go into this.

Appellant's brief follows this pattern:

There are seventeen separate "Propositions" with authorities cited under each. However, no references are made to assignments of error to which it is claimed the legal principles are related.

The brief contains a very scant delineation of the evidence. Then follows "Argument."

Supreme Court Rule No. 10, Title 7 Appendix, Code 1940, should be liberally construed and fairly applied, but this does not mean that the rule should be wholly ignored.

On this appeal we will overlook some imperfections in appellant's brief and pass to the "Argument." In this aspect, by very liberal application of the rule, we approach the review on the basis that all the assignments are argued in group.

We consistently follow the practice that under such circumstances each assignment must be meritorious. That is to say, that the judgment below should not be reversed if any one of them is without merit. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Culp v. Cash, 35 Ala.App. 188, 44 So.2d 796.

There is an exception to this rule. If the assignments present kindred and like questions, they may be argued in bulk. White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812.

The exception has no application in the case at bar when all of the assignments are taken into account.

Assignment of error number 6 relates to a ruling of the trial court incident to the introduction of evidence. Counsel for appellant did not reserve any exception when the court ruled against him. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Stokley v. State, 254 Ala. 534, 49 So.2d 284.

The judgment below is ordered affirmed.

Affirmed.