# Orme v. Mayor, etc., of City of Tuscumbia.

## Violation of City Ordinance.

(Decided April 11, 1907.   43 So. Rep. 584.)

1. *Intoxicating Liquors; Regulation.*—An ordinance making it an offense for a liqour dealer to keep open any part of the division, apartments or connected sections of the house used for the business of retailing, on Sunday, is not unreasonable, and is not invalid.

[Orme v. Mayor, etc. of City of Tuscumbia.]

2. *Same; Offense.*—Where it appeared that the front door of the place where defendant carried on a retail liquor business was kept open on Sunday, but that between the lunch counter on one side of the room and the bar on the other side, from front to back of the room a heavy duck or tenting curtain was suspended from about two feet from the ceiling to within one foot of the floor, but so cut as to permit a person to pass to the bar from the lunch counter or from the bar to the lunch counter, but obstructed the view from the lunch counter to the bar, it constituted a violation of the ordinance prohibiting the keeping open of the place on Sunday.

APPEAL from Colbert Circuit Court.

Heard before Hon. ED B. ALMON.

L. Orme was convicted of a violation of an ordinance of the city of Tuscumbia prohibiting one from retailing spirituous, vinous or malt liquors, and keeping open any part of his place of business on Sunday, and he appeals. Affirmed.

JAMES JACKSON, and ORME & BRANCH, for appellant. —Notwithstanding intent to commit crime may be omitted in the statute, it is still an ingredient of the crime. —*Gordon v. The Sate,* 52 Ala. 309; *Adler v. The State,* 55 Ala. 23. The ordinance is unreasonable.—Black's Const. Law, p. 463. It could not be passed under incidental or implied powers of the city and, hence, is wanting in legislative authority.—Black's Const. Law, p. 440; 1 Dillon Munic. Corp. sec. 328. It is partial. It is not definite and certain as to fine.—*State v. Canin,* 94 N. C. 883; Black's Const. Law, p. 442. It is uncertain as to offense.—*Dixon's Case,* 76 Ala. 89; *Schneider's Case,* 79 Ala. 64.

W. L. CHITWOOD, for appellee.—This case should be dismissed because no security for costs of appeal is given.— *Goldsmith v. Huntsville,* 120 Ala. 182; *Mayor of Mobile v. Barton,* 47 Ala. 86; *Withers v. Posey,* 36 Ala. 252; *Commissioners' Court v. Tarver,* 25 Ala. 480; 23 Ala. 722; 8 Ala. 515; § 2969, Code 1896. The ordinance was violated whether the defendant was keeping open his place of business for the purpose of traffic or not.—

Black on Intoxicating Liquors, sec. 923; 78 Ga. 110. As to the authority of the city to pass such an ordinance, we call attention to Black on Intoxicating Liquors, section 153, and the cases cited.

McCLELLAN, J.—The appellant was convicted of the violation of an ordinance which declared it an offense for a retailer to keep open any part of his house on the Sabbath day. Ordinances regulating, under the police power, the liquor business, especially in relation to the proper and orderly observance of the Sabbath, have been too often approved to require, in these days, any reconsideration of their propriety or validity, except in the respect to decide whether the ordinance brought up for consideration is within the bounds fixed by paramount law, constitutional, statutory, and charter, aided by judicial decision. And in interpreting or construing ordinances the rule, applicable to statutes generally, is that "courts will give them a reasonable construction, and will incline to sustain rather than overthrow them. * * * Thus, if by one construction an ordinance will be valid, and by another void, the courts will, if possible, adopt the former."—1 Dillon on Municipal Corp. § 420.

The appellant seems to contend that the only proper interpretation of the ordinance is that it attempts to create an offense in the keeping open on the Sabbath of any part of the building wherein the retailer carries on his business. Such a construction should not, we think, be placed upon the ordinance; and, if it was, the ordinance would be patently void, because under it the resident or occupant of an edifice in which the retailer pursued his business would be inhibited from keeping open on the Sabbath his abode or place of business (if otherwise allowed), though wholly disconnected from the place of business. Rather than this construction, which invalidates the ordinance, one reasonable, and also favorable to validity, is that the ordinance makes it an offense to keep open any part of the division, apartments, or connected section of the house used for the retailing business. It cannot be doubted that such an ordinance is within the competency of the muni-

cipal authorities to ordain, to the end that the Sabbath may be the better observed, as well as for the purpose or rendering more difficult the unlawful sale of liquors on that day. The fact that the retailer has his residence in the same apartment with his business is no reason against the validity of an ordinance prohibiting, under penalty, the keeping open of such place of business. He makes it his abode, subject to the right of the municipality to regulate the keeping open of the place on that day. It is to be noted that the purpose of this ordinance is entirely different from the Code provision passed upon in the *Dixon* and *Snider Cases*, reported in 76 Ala. 89, and 59 Ala. 64, respectively. In those cases the statute treated rendered it an offense for a merchant, etc., to "keep open store" on the Sabbath. The act denounced in the ordinance here is the keeping open, on the Sabbath, of a part of the building in which the retail liquor business is carried on, or a part of the building connected with such retailing room or apartment. The statute, as construed in the cases referred to, operated against the keeping open of the store on the Sabbath, with the purpose to make sales therefrom, or of conducting on the forbidden day the business followed. Hence this court laid stress upon the evidential necessity to show an intent to the doing of business. The *Dixon Case, supra,* expressly says that proof of an actual sale is not essential to a consummation of the offense, but the dominant idea in both cases cited is that the intent to conduct the business on the Sabbath must be present to complete the offense. The case here is, then, clearly distinguishable from the cases cited. The offense denounced by the ordinance is the keeping open on the Sabbath, without regard to the purpose to carry on the business, of the place in which the business is usually done, or its associated apartments. And added reason, if any were required, for the enactment of the ordinance is found in the provision, immediately succeeding that discussed, inhibiting the sale of liquors within the limits of Tuscumbia on Sunday. The sale of liquors on that day, it is easily and properly concludable, would be rendered greatly more difficult of undetected accomplish-

ment if all means of entry to the stocks thereof were kept, under penalty, closed. It follows that the ordinance is valid, though, it may be said, it is illy constructed.

What has been said disposes of the major part of the assignments of error. The evidence adduced shows, without dispute, that the front door of the appellant's place where he carried on the business of retailing was kept open on the Sabbath day averred, and the general charge was given for the city. There was no error in this action. The fact that between the lunch counter on one side of the room and the bar on the other there was, from front to back of the room, on that day, a heavy duck or tenting curtain, suspended from two feet below the ceiling to within a foot of the floor, cut so as to permit a person to go to the bar or to come therefrom towards the lunch counter, but obstructing the view of the bar by a person on the opposite side, could not avail to appellant's advantage, because it was too slazy to be seriously considered a partition of the room from that part set apart to the bar.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.