# Perry *v.* The State.

## *Violating Municipal Ordinance.*

(Decided May 31, 1911. 55 South. 1035.)

1. *Municipal Corporation; Violating Ordinance; Nature.*—A prosecution for a violation of a municipal ordinance is not a criminal but merely a quasi-criminal proceeding, and hence, is not governed by the provisions of sections 6243-6266, Code 1907, relating to appeals and writs of error in criminal cases.

2. *Same.*—The quasi-criminal nature of a prosecution, for violating a municipal ordinance of the city of Birmingham is not affected by the provisions of section 6, Acts 1894-5, p. 530.

3. *Same.*—The fact that on appeal from a conviction in the police court for violation of an ordinance, the style of the case was charged and the state was named as the prosecuting party, and that the county solicitor prosecuted, does not render the proceedings a criminal case so as to be governed by the provisions of section 6243-6266, Code 1907.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM JACKSON.

John Perry was convicted of violating a municipal ordinance and he appeals. Affirmed.

No counsel marked for appellant.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel insist that as this is a quasi-criminal case merely, errors should have been assigned upon the record, and in the absence of such an assignment, the cause should be affirmed.

WALKER, P. J.—This is an appeal by the defendant from a judgment of conviction in proceedings instituted by the city of Birmingham for a violation of one of its municipal ordinances, and has been submitted without an assignment of errors. In this court nothing has been done by or on behalf of the appellant in support of his appeal.

The statute (Code, § 6264) dispenses with the necessity of an assignment of errors in a criminal case only.—*Williams v. State,* 117 Ala. 199, 23 South. 42.

A prosecution for a violation of a municipal ordinance is statutory, and quasi criminal in its nature (*Camden v. Bloch,* 65 Ala. 236; *Brown v. Mobile,* 23 Ala. 722; *Mobile v. Jones,* 42 Ala. 630), and is not a criminal case covered by the provisions of chapter 162 of the Code relating to appeals and writs of error in such cases.

The provisions of section 6 of the act establishing the police court of Birmingham (Acts 1894-95, p. 527) that, on an appeal to the criminal court of Jefferson county from a conviction in the police court on such a prosecution, the "defendant shall be tried in the said criminal court de novo, and without a jury, as though said prosecution had been begun in the criminal court," does not have the effect of changing the nature of the proceeding, or of bringing it within the benefit of the statute dispensing with the necessity of an assignment of errors in criminal cases.

Nor did the facts that there was a change in the style of the case when it reached the criminal court, and that it was there prosecuted by the county solicitor, make it a prosecution for a criminal offense against the state.

Because of the failure of the appellant to assign any error on the record, the judgment appealed from is affirmed; the record not disclosing that the trial court was without jurisdiction.

Affirmed.