# Dreyfus *v.* City of Montgomery.

### *Violating Municipal Ordinances.*

(Decided April 9, 1912.   Rehearing denied May 4, 1912.
58   South.   730.)

1. *Municipal Corporations; Regulating Theatres or Shows; Powers.*—Section 1341, Code 1907, expressly gives authority to a city to adopt an ordinance making it unlawful to operate a moving picture show in a certain part of the city.

2. *Same; Ordinance; Validity; Construction; Attack.*—Where express authority to enact an ordinance is conferred by statute, and the validity of the statute is not questioned the policy or reasonableness of the ordinance cannot be attacked.

3. *Same; Construction.*—If a reasonable construction of the language of an ordinance will permit of a valid construction, such construction should be given it.

4. *Same; Validity.*—The fact that an ordinance is not consistently enforced is no argument against the power to pass it.

5. *Same; Picture Shows; Regulation.*—Where one conducts a picture show in a city, thereby devoting his property to a use in which the public is interested, such one must submit to be controlled in such use by the city for the common good.

6. *Constitutional Law; Due Process; Equal Protection.*—Due process of law and equal protection are secured if the law operates on all alike and does not subject the individual to an arbitrary exercise of the powers of government.

7. *Same; Ordinances; Validity; License.*—The fact that at the time of the passage of an ordinance prohibiting moving picture shows in a certain part of the city, the complainant was conducting a moving picture show in the prohibited area under a license from the city, did not affect the legality of the ordinance as to him; a license being a mere privilege, revokable at will, and not conferring any vested or contract rights.

8. *Appeal and Error; Assignment; Violating Municipal Ordinance.*—Where the appeal is from a conviction for a violation of a city ordinance, the party appealing must assign errors as in civil cases, and on failure to do so, an affirmance will follow.

APPEAL from Montgomery Circuit Court.

Heard before Hon. ARMSTEAD BROWN.

Julius Dreyfus was convicted of violating an ordinance of the city of Montgomery, and he appeals.   Affirmed.

[Dreyfus v. City of Montgomery.]

HILL, HILL, WHITING & STERN, for appellant. The ordinance is void because unfair and discriminatory, unreasonable, partial and prejudiced.—*Town of Greensboro v. Ehrenreich,* 80 Ala. 579; *Cuba v. Mississippi Oil Co.,* 150 Ala. 359; *City of Montgomery v. West,* 149 Ala. 311. An ordinance cannot declare a thing to be a nuisance which is not so in fact.—*Cuba v. Mississippi Oil Co., supra,* 10 Wall. 505; 48 Am. Rep. 105. An ordinance cannot be directed against an individual.—28 Cyc. 766. It cannot be in restraint of trade.—*Town of Greensboro v. Ehrenreich, supra;* 68 *Am.* St. Rep. 149; 82 Fed. 623; see generally.—*L. & . R. R. Co. v. City of Bessemer,* 108 Ala. 240.

JOHN V. SMITH, for appellee. The power to pass the ordinance is undoubted.—Section 1341, Code 1907; 2 McQuillan on Munic. Corp. parag. 724. This being true, the ordinance cannot be attacked for being unreasonable.—*Lindsey v. Anniston,* 104 Ala. 257. The ordinance could confine the business to certain localities.—*Ex parte Byrd,* 84 Ala. 20; *Lindsey v. Anniston, supra.* The fact that the appellant had a license to do business at that particular place at the time the ordinance was passed, did not render the ordinance void, as a license is a mere personal privilege conferring no vested or contract rights.—*Jones v. Motley,* 78 Ala. 370; *Powell v. The State,* 69 Ala. 10.

PELHAM, J.—The board of commissioners of the city of Montgomery adopted an ordinance making it unlawful to operate a moving picture show within the city of Montgomery in any building fronting on either side of Dexter Avenue between Lawrence and Bainbridge streets, and providing a punishment for the violation thereof. The body of the ordinance declared it to be a necessary regulation "for the preservation of the public

Safety." Subsequently to the adoption and approval. of the ordinance, the appellant was arrested on a warrant issued on a complaint or affidavit charging him with a violation of the ordinance in question and was tried and convicted in the recorder's court of the city of Montgomery. From this judgment of conviction an appeal was prosecuted to the city court of Montgomery, and upon a trial being had in that court which resulted in conviction, the appellant prosecutes this appeal.

The trial in the city court of Montgomery is shown by the record to have been on an agreed statement of facts, and no question is raised on the facts of the case. It is the validity of the ordinance that is challenged.

It is the appellant's contention that the ordinance is unreasonable and an unwarranted and arbitrary exercise of power, discriminative in its nature, and contravening the personal and property rights of the appellant, who had been conducting a moving picture show for colored people in the prohibited territory under license from the city authorities before the passage of the ordinance.

Section 1341 of the Code of 1907 is as follows: "1341. Theatres, tenpins, shooting galleries, and liquor houses. To license, tax, regulate, restrain, or prohibit theatrical and other amusements, billiard and pool tables, nine or tenpin alleys, box or ball alleys, shooting galleries, theatres, parks and other places of amusement, and the selling, retailing, wholesaling, or giving away of spirituous, vinous, or malt liquors, intoxicating bitters, or beverages, when not prohibited by law; when in the opinion of the council the public good or safety demands it, to refuse to license any or all such businesses and to authorize the mayor by proclamation to cause any or all houses or places of amusement or houses or places for the sale of intoxicating liquor, or houses or places for the sale of

firearms, or other deadly weapons, to be closed for a period of not longer than the next meeting of the city or town council."

It will be seen from reading this section that the authority of the city to adopt the ordinance in question is based on an express power conferred by the Legislature on the city. In exercising this express grant of power to regulate, restrain, or prohibit places of amusement, the city by an ordinance regulating such places restricted the territory for the conduct of moving picture shows (confessedly a place of amusement) to certain designated territorial limits in the city.

This is a valid exercise of an express power conferred by the Legislature, and, the validity of the statute conferring the right not being questioned, under authority of the rule laid down by the Supreme Court, the policy or reasonableness of the ordinance cannot be inquired into.—*Lindsey v. Mayor and City Council of Anniston,* 104 Ala. 257, 16 South. 545, 27 L. R. A., 346, 53 Am. St. Rep. 44. See, also *Dunn v. Wilcox,* 85 Ala. 144, 4 South. 661; Dillon on Municipal Corporations (5th Ed.) vol. 2, § 600, p. 943, and the numerous cases cited in footnote 1 sustaining this proposition; 28 Cyc. 368, § 4, and authorities cited in note 19; McQuillin on Municipal Corporations, vol. 2 p. 18, § 724, and note.

Moreover, "due process of law and the equal protection of the laws are secured if the laws operate upon all alike and do not subject the individual to an arbitrary exercise of the powers of government."—*Miller v. Birmingham,* 151 Ala. 469, 472 South. 388, 389 (125 Am. St. Rep. 31), quoting from the Supreme Court of the United States in the case cited. The authority exercised by the municipality in the passage of this regulation is clearly within the power granted to it, and the ordinance appears to be general in its nature and operation, and to

contravene no common right, and make no class distinction—in short, there is nothing on the face of the ordinance stamping it as unreasonable, and the presumption of its reasonableness indulged under such circumstances —(*Van Hook v. Selma,* 70 Ala. 361, 45 Am. Rep. 95) is not overcome and its unreasonableness established ("demonstrably shown"—*Marion v. Chandler,* 6 Ala. 899) by the evidence set out in the agreed statement of facts contained in the record.

"In determining the validity of ordinances, a reasonable construction will be given them; the judicial inclination being to sustain, rather than overthrow, them."— *S. S. Steel & Iron Co. v. Smith,* 174 Ala., 57 South. 29; citing 2 Dillon on Municipal Corporations (5th Ed.) § 29; *Orme v. Tuscumbia,* 150 Ala. 520, 43 South. 584.

A detailed discussion of the facts is unnecessary. The appellant has devoted his property to a use in which the public had an interest thereby granting the public an interest in that use—and he must therefore submit to be controlled in the user by the public through its duly constituted officers for the common good.—*Munn v. Illinois,* 94 U. S. 113, 24 L. Ed. 77.

If the ordinance is not consistently enforced, as would seem to be one of the inferences that could be drawn from the statement of facts, this is no argument against the ordinance or the power to pass such a regulation. The correction of that evil, or protection against such an abuse, lies in an entirely different forum.

The fact that the appellant was conducting his business within the prohibited area under license from the city when the ordinance was passed does not militate against the legality of the ordinance or its operative force as to appellant, as the license was but a privilege revocable at the pleasure of the authorities granting it, and conferring no vested rights and contained no ele-

ments of a contract.—*Powell v. State,* 69 Ala. 10; *Jones v. Motley,* 78 Ala. 370; *Munn v. Illinois, supra.*

This case was orally argued by counsel upon submission, and was carefully considered and the above conclusions arrived at by the court on the oral arguments and brief filed, before it was discovered that there is no assignment of errors on the record, and while there is no insistence by counsel for appellee upon an affirmance because of a failure to assign errors, this oversight must necessarily result in affirmance of the case (*Perry v. State,* 1 Ala. App. 253, 55 South. 1035), but for the purpose of preventing, if possible, further needless litigation, we deem it proper to state the court's views and conclusions as above set out on the questions sought to be presented and so ably argued by counsel for both parties.

Affirmed.

### On Application for Rehearing.

By consent of counsel for the appellee entered in writing on the appellant's application for a rehearing, we have considered the propositions argued and insisted upon on their merits, without regard to the fact that there was no assignment of errors on the record. Our conclusions on the merits of the propositions as expressed in the original opinion seem to us to be correct, and we are unwilling to depart from what we there said.

The application is overruled.