(77 South. 978)

GRACE v. STATE.    (6 Div. 420.)

(Court of Appeals of Alabama.   Feb. 5, 1918.)

1. BASTARDS ⊂⇒90—SENTENCE—HARD LABOR.
　　On conviction of bastardy, the court may, under Code 1907, § 6377, fixing sentence at 12 months, impose such sentence at hard labor for the county.

2. BASTARDS ⊂⇒42—JURISDICTION—MUNICIPAL COURT.
　　Under Code 1907, § 6364, providing for the issuance of a warrant in bastardy proceedings by a justice of the peace of the county where the woman is pregnant of a bastard child, and Loc. Acts 1915, p. 231, § 1, conferring on judges of Birmingham municipal court all power of justices of peace, a judge of such municipal court had jurisdiction to issue warrant in bastardy proceedings.

3. CRIMINAL LAW ⊂⇒1092(13)—BILL OF EXCEPTIONS—CERTIFICATE OF JUDGE.
　　Bill of exceptions without indorsement by trial judge that it was presented to him, or was correct, is insufficient, in view of Code 1907, § 3019, requiring the judge's signature to establish verity of the bill.

Appeal from Circuit Court, Jefferson County; Chas. W. Ferguson, Judge.

Charlie Grace was convicted of bastardy, and he appeals.   Affirmed.

M. B. Grace, of Birmingham, for appellant.   F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J.   [1] The judgment of the court imposing hard labor for the county was in accordance with section· 6377 of the Code, fixing the sentence at 12 months.   In this there was no error.

[2] Section 1 of Local Acts 1915, p. 231, confers on the judges of the municipal court of Birmingham "all the power and authority" of justices of the peace.   Section 6364 of the Code provides for the issuance of a warrant in bastardy proceedings by a justice of the peace of the county where the woman is pregnant of a bastard child.   So that the judge of the municipal court of Birmingham had the. power and jurisdiction to issue the warrant, and the proceedings being regular, the circuit court had the jurisdiction to try and determine the issue and to render judgment in accordance with the statute, which it did.

[3] Its character as a record and its verity as such comes from the fact of its approval by the trial judge, which can be evidenced in no other way than by his signature.   Code 1907, § 3019.

In the instant case, there is no indorsement by the trial judge that the purported bill of exceptions has ever been presented to him, nor does it bear any signature of said trial judge coupled with the statement that it is a correct bill of exceptions.

The assignments of error being predicated solely upon what is termed the bill of exceptions leaves nothing before this court for consideration, which necessarily results that the judgment of the lower court must be affirmed.

Affirmed.

---

(77 South. 978)

HELLNER v. CITY OF MONTGOMERY.
(3 Div. 206.)

(Court of Appeals of Alabama.   Jan. 22, 1918.)

CRIMINAL LAW ⊂⇒1129(1) — APPEAL—ABSENCE OF ASSIGNMENT OF ERROR.
　　On appeal from conviction in the circuit court for violation of a city ordinance, no assignment of error having been made as required by law, motion to affirm will be granted.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Mrs. E. Hellner was convicted of violation of one of the ordinances of the city of Montgomery, and she appeals.   On motion to affirm.   Motion granted, and judgment affirmed.

Warren E. Andrews, of Montgomery, for appellee.

BRICKEN, J.   This defendant was convicted in the recorder's court of the city of Montgomery for a violation of one of the ordinances of the city.   On appeal to the circuit court of Montgomery county she was again convicted, from which judgment of conviction this appeal is taken.

On submission here a motion is made to affirm the case for want of assignments of error, and, as no assignment of error has been made as required by law, the motion is granted, and the judgment of the circuit court of Montgomery county is affirmed.

Affirmed.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes