(90 South. 60)

**WATSON et ux. v. ROLLINS. (7 Div. 684.)**

(Court of Appeals of Alabama. April 19, 1921.)

**1. Appeal and error ⬅⟹1078(1)—Assignments of error not insisted on in brief not considered.**

Assignments of error not insisted on in appellant's brief are waived, and will not be considered.

**2. Principal and agent ⬅⟹111(3)—Mortgagee not bound by agent's agreement to accept amount paid by purchaser at foreclosure sale in full payment of notes and mortgages.**

A mortgagee, who put notes secured by the mortgage in the hands of his brother for collection, was not bound by the latter's agreement with the purchaser at foreclosure sale to accept the amount paid as payment in full for his interest in the notes and mortgage, unless he authorized or, with full knowledge of the facts, ratified such agreement.

**3. Bills and notes ⬅⟹527(1)—Maker's possession prima facie evidence of payment.**

The maker's possession of notes is prima facie evidence of their payment.

**4. Trial ⬅⟹260(9)—Refusal of charge that maker's possession of notes is "prima facie evidence" of payment held not reversible error, being substantially given in charge that such fact is "presumptive evidence."**

Under Acts 1915, p. 815, the refusal of a charge, in an action on promissory notes, that defendant's possession was prima facie evidence of payment was not reversible error, where the court charged that when notes are found in the maker's possession after maturity the burden shifts to plaintiff to show nonpayment, and that defendant's possession of the notes was presumptive evidence that they were paid; "presumptive evidence" and "prima facie evidence" being used interchangeably, and meaning practically the same thing when applied to a rule of evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Presumptive Evidence; Prima Facie Evidence.] .

**5. Bills and notes ⬅⟹537(8)—Directed verdict for defendant makers in possession of notes sued on properly refused.**

In an action on promissory notes secured by a mortgage, where the purchaser at fore-closure sale who held the notes and mortgage as collateral for a debt owing him by plaintiff, deducted the amount due and paid the balance of the purchase price to plaintiff, retaining possession of the notes and mortgage, which he subsequently delivered to defendant on redemption, leaving a balance due from defendant to plaintiff of the difference between the purchase price and the amount of the notes, the court properly refused a general charge to find for defendant, though the latter was in possession of the notes.

**6. Trial ⬅⟹253(10)—Charge as to presumption arising from retention of mortgage notes by purchaser at foreclosure sale and delivery to mortgagor held bad as omitting mortgagee's knowledge thereof.**

In an action on notes secured by a mortgage, where the purchaser at foreclosure sale, who held the notes and mortgage as collateral for debts owing him by plaintiff, deducted the amount due and paid the balance of the purchase price to plaintiff, retaining possession of the notes and mortgage, which he subsequently delivered to defendant mortgagor on redemption, a requested charge that the retention of the notes after the sale and their delivery to defendant without objection by plaintiff was presumptive evidence that plaintiff retained no interest therein was bad as omitting knowledge on the part of plaintiff of such retention and delivery.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by R. C. Rollins against W. B. Watson and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

The following charges are referred to in the opinion:

(4) The court charges the jury, if the defendants were in possession of the notes, then the presumption is they are paid.

(9) The court charges the jury that the retention by Leath of the notes after the sale and the delivery of same by Leath to Watson, without objection by the plaintiff, is presumptive evidence that plaintiff retained no interest in the notes after the sale; and you may consider this in connection with all the other evidence in the case in determining whether plaintiff is now the owner of the notes. The notes sued on were given with the balance of purchase money for a farm sold to them by Rollins, and were secured by mortgage on the farm. Rollins borrowed money from Leath, and put up the note and mortgage as collateral security, and the first two notes having matured and not having been paid, Leath foreclosed the mortgage under the power of sale therein contained, and became the purchaser at and for the sum of $600, and Rollins paid Leath the amount due him, and received the balance, less expenses, and this suit is to recover the difference between the $600 and the reasonable amount due on the notes; that amount being $783.

E. O. McCord and Motley & Motley, all of Gadsden, for appellants.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The notes were the property of the pledgee and not of Rollins, and he could not maintain the action in his own name. 115 Ala. 567, 21 South. 495; section 2489, Code 1907. The presumption was that payment had been made. 68 Ala. 592; 86 Ala. 94, 5 South. 780. Under these authorities the court erred in refusing the charges.

Hood & Murphree, of Gadsden, for appellee.

Counsel insist that no error was committed by the trial court, but they cite no authority.

SAMFORD, J. [1] The only assignments of error insisted upon in brief of counsel are the rulings of the trial court in refusing to give at the request of defendant certain charges asked by defendant in writing. Therefore all other assignments of error are waived, and will not be considered. 13 Michie's Dig. p. 210, § 1078 (1).

Charge 4 is substantially the same as charge 1, which was given.

[2] The undisputed evidence in this case shows that the defendant was indebted to plaintiff in the sum of $783, evidenced by three promissory notes and secured by a a mortgage on real estate. When the notes became due and not being paid, plaintiff put them in the hands of his brother to collect for him. Plaintiff lived in a distant state, and never came to Alabama during the negotiations and foreclosure that followed. The property described in the mortgage was foreclosed under the powers therein contained and bought in by one Leath for $600, to whom plaintiff executed a foreclosure deed that had been prepared here in Alabama and sent to him for execution. Leath, holding the notes and mortgage as collateral for a debt owing him by plaintiff, deducted the amount due him, and paid the balance to plaintiff, retaining possession of the notes and mortgage. Subsequently defendant redeemed the land from Leath by paying the $600 interest and costs of foreclosure, and Leath delivered the mortgage and the notes to defendant. This of course left a balance due on the indebtedness from defendant to plaintiff, unless, as is contended by defendant, plaintiff agreed to accept the $600 paid by Leath as a payment in full for his interest in the notes and mortgage. Plaintiff claims that no such agreement was had. Plaintiff's brother would have had no authority to make such agreement, without instructions from plaintiff, and plaintiff would not be bound by such agreement unless he authorized it, or with full knowledge of the facts ratified it. 21 R. C. L. p. 869, § 44.

[3] There was a plea of payment, and under this state of facts the defendant asked in writing this charge:

"The court charges the jury that the possession of the notes by the defendants is prima facie evidence of the payment of the notes by the defendant."

Under the authorities this seems to be correct rule of evidence. Potts v. Coleman, 86 Ala. 94–100, 5 South. 780; Hicks v. Meadows, 193 Ala. 246–257, 69 South. 432; A. & M. R. Co. v. Sanford, 36 Ala. 703; McGee v. Pronty, 9 Metc. (Mass.) 547, 43 Am. Dec. 409; Heald v. Davis, 11 Cush. (Mass.) 318, 59 Am. Dec. 147; Weakly v. Bell, 9 Watts (Pa.) 273, 36 Am. Dec. 116; Richardson v. Cambridge, 2 Allen (Mass.) 118, 79 Am. Dec. 767; Erwin v. Shaffer, 9 Ohio St. 43, 72 Am. Dec. 613.

[4] The question remaining is whether this charge was substantially given, either in the oral charge of the court or in writing at the request of defendant. In its oral charge the court said:

"The defendant pleads and says that this plaintiff is not entitled to recover for the reason that the notes had been paid, fully paid, before the action was commenced. As the court understands the law, when notes are found in the possession of the makers after their maturity, the burden as to payment is shifted to the plaintiff to show payment has not been made. In this case you look to the evidence to ascertain whether or not they have been paid in full"

—and in writing gave this charge:

"The court charges the jury that the possession of the notes by the defendant is presumptive evidence that said notes were paid."

While there is a technical difference between presumptive evidence and prima facie evidence (31 Cyc 1172; 16 Cyc. 1050), when used and applied to a rule of evidence the two terms seem to be used interchangeably, and to mean practically the same thing. For instance, in 31 Cyc. 1172, under the title, Prima Facie, we are referred to Presumption, and under that reference again referred to Presumptions of Fact. In 8 Cyc. p. 246, under the title Possession by Maker or Accepter, the text, based upon the authorities says, "It will be presumed to have been paid," while in 3 R. C. L. 1285, under title "Presumption and Burden of Proof" based upon authorities the text says: "Such possession is prima facie evidence of payment by him." In Potts v. Coleman, 86 Ala. the opinion on page 100 (5 South. 780) uses the term prima facie," while the headnote to the same opinion uses "Presumptive Evidence," and in the case of Potts v. Coleman, 67 Ala. 221, cited as authority by the learned judge in Potts v. Coleman, 86 Ala. 94, 5 South. 780, supra, the circumstance of possession is referred to as a "presumption." And so we could multiply illustrations and comparisons to demonstrate that, as generally understood, the charge refused had already been substantially and fairly given, and under Acts 1915, p. 815, its refusal will not constitute reversible error.

[5] Charge 6 was the general charge to find

for defendants. This under the facts was properly refused.

[6] Charge 9 is bad for several reasons, one of which is the charge omits a knowledge on the part of plaintiff that Leath retained the notes and delivered them to Watson.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes