(94 South. 790)

## CHILDS v. CITY OF BIRMINGHAM.
### (6 Div. 122.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

Municipal corporations ⬿642(3)—Assignment of errors is necessary for review of conviction of violation of city ordinance; "criminal case."

A prosecution for a violation of a municipal ordinance is statutory and quasi criminal in its nature, but is not a criminal case within Code 1907, § 6264, dispensing with the necessity of an assignment of errors in such cases, so that a judgment of conviction for violating a municipal ordinance must be affirmed where there is no assignment of errors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Case or Cause.]

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Hattie Childs was convicted of a violation of the Municipal Prohibition Ordinance of the City of Birmingham, and she appeals. Affirmed.

BRICKEN, P. J. The proceeding against this defendant originated in the recorder's court and was instituted by the city of Birmingham against her for the violation of a municipal ordinance; the specific charge being a violation of the prohibition laws of the city.

From a judgment of conviction in the recorder's court, she appealed to the circuit court of Jefferson county, was again convicted in that court, and appeals here.

In this court nothing has been done by or on behalf of appellant in support of her appeal.

The statute (Code 1907, § 6264) dispenses with the necessity of an assignment of errors in a criminal case only. Williams v. State, 117 Ala. 199, 23 South. 42.

A prosecution for a violation of a municipal ordinance is statutory, and quasi criminal in its nature, and is not a criminal case covered by the provisions of chapter 162 of the Code relating to appeals and writs of error in such cases. Camden v. Bloch, 65 Ala. 236.

Because of the failure of appellant to assign errors, the judgment appealed from, on motion of appellee, is affirmed.

Affirmed.