## RUSSELL v. CITY OF BESSEMER. (6 Div. 346.)

(Court of Appeals of Alabama.   Jan. 22, 1924.)

**I. Municipal corporations ☞642(1)—Assignments of error necessary in prosecution for violation of ordinance.**

Code 1907, § 6264, making assignments of error unnecessary in a criminal case, held inapplicable to a prosecution by a city for the violation of an ordinance.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 11.

## 2. Criminal law ⚭1178—Assignments of error held waived by failure to file brief.

In a prosecution by a city for a violation of an ordinance, the defendant, by failure to file a brief, waived the assignments of error.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Prosecution by the City of Bessemer against Will Russell for the violation of a prohibition ordinance. From a judgment of conviction, defendant appeals. Affirmed.

See, also, ante, p. 270, 97 South. 149.

Benton & Bentley, of Bessemer, for appellant.

No brief reached the Reporter.

G. H. Bumgardner, of Bessemer, for appellee.

No brief reached the Reporter.

BRICKEN, P. J. The defendant was convicted in the mayor's court of the city of Bessemer for the violation of one of its municipal ordinances; the specific charge being a violation of the prohibition laws of the city. He appealed to the circuit court, and from a judgment of conviction in that court for the same offense this appeal is taken.

[1] It has many times been held that the prosecution for a violation of a municipal ordinance is statutory and quasi criminal in its nature, and that the statute, Code 1907, § 6264, under the terms of which no assignment of error is necessary in a criminal case, does not apply to quasi criminal appeals as for the violation of an ordinance of a municipal corporation. Craig v. City of Birmingham, 14 Ala. App. 630, 71 South. 983; Perry's Case, 1 Ala. App. 253, 55 South. 1035; Dreyfus v. City of Montgomery, 4 Ala. App. 270, 58 South. 730. In the Dreyfus Case it is stated:

"Where the appeal is from a conviction for a violation of a city ordinance, the party appealing must assign errors as in civil cases, and on failure to do so an affirmance will follow."

[2] In the instant case errors are assigned, but, as no brief has been filed in behalf of appellant, they must of necessity be treated as waived and not insisted upon; for assignments of error not discussed nor mentioned in appellant's brief are considered waived. Patt v. Welsch, 18 Ala. App. 82, 89 South. 94; Hill Gro. Co. v. Hameker, 18 Ala. App. 84, 89 South. 850.

"Assignments of error not insisted on in brief not considered." Watson v. Rollins, 18 Ala. App. 125, 90 South. 60; Am. Ry. Exp. Co. v. Barnes, 18 Ala. App. 295, 91 South. 912.

The trial court had jurisdiction of the subject-matter and of the person, and, as no insistence of error appears, the judgment appealed from will stand affirmed.

Affirmed.