(109 So. 571)

## CASTEEL v. CITY OF DECATUR.
### (8 Div. 864.)

(Supreme Court of Alabama.  May 6, 1926.)

1. **Municipal corporations** ⬯592(2).

. Ordinance denouncing offenses in violation of state laws as misdemeanors applies to offenses against law in force at time of offense and not at time ordinance was enacted.

2. **Municipal corporations** ⬯642(4).

Under Code 1923, § 1937, trial in circuit court on appeal from conviction for violation of ordinance is de novo.

3. **Municipal corporations** ⬯642(1).

Prosecutions under ordinance are quasi criminal, and on appeal to court of last resort are subject to rules governing civil appeals, and hence Code 1923, § 3258, requiring court to review record without assignments of error does not apply.

4. **Municipal corporations** ⬯642(1).

On certiorari to review proceedings on appeal from conviction under ordinance, questions not presented in court below, nor by assignment of error, nor argued in brief, are not reviewable.

5. **Municipal corporations** ⬯642(4).

The same presumptions against error in lower court obtain on appeal from conviction under city ordinance as in civil appeals.

6. **Municipal corporations** ⬯642(1).

Irregularities in proceedings before the recorder for violation of city ordinance and in the manner of taking the appeal may be waived by the parties.

7. **Municipal corporations** ⬯642(4).

By consent prosecution under ordinance may be tried in circuit court on original affidavit or complaint.

8. **Municipal corporations** ⬯642(3).

Record showing affidavit before mayor charging violation of ordinance, filing of complaint in circuit court, appearance, entry on trial, conviction, on appeal, and confession of judgment thereon, *held* to prima facie show conviction in mayor's court and appeal therefrom on proper bond.

9. **Municipal corporations** ⬯642(3).

Failure to incorporate judgment of conviction in mayor's court for violation of ordinance, and bond on appeal to circuit court, in record on appeal from judgment of circuit court raises no presumption of want of jurisdiction in circuit court which must affirmatively appear from record to warrant dismissal.

Certiorari to Court of Appeals.

Petition of the city of Decatur for certiorari to the court of appeals to review and revise the judgment and decision of that court in Casteel v. City of Decatur, 109 So. 571.[1]  Writ granted; reversed and remanded.

W. W. Callahan, of Decatur, for appellant.

A void judgment will not sustain an appeal, and the appellate court may only dismiss such an appeal. 1 Freeman, Judg. (5th Ed.) 642; Bell v. King, 210 Ala. 557, 98 So. 796; Dickinson v. Jordan, 210 Ala. 602, 98 So. 886; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839. An appeal bond is a condition precedent to appeal to the circuit court from municipal court.  Code 1923, § 1937.  The ordinance here in question is valid.  Sloss-Sheffield, etc., Co. v. Smith, 175 Ala. 260, 57 So. 29;  Ex parte Davis, 200 Ala. 436, 76 So. 368;  Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372;  State v. Leich, 166 Ind. 680, 78 N. E. 189, 9 Ann. Cas. 302.

G. O. Chenault, of Albany, for appellee.

The reference ordinance of petitioner could have no application to laws which had not been enacted.  Sloss-Sheffield, etc., Co. v. Smith, 175 Ala. 260, 57 So. 29;  Bessemer v. Eidge, 162 Ala. 201, 50 So. 270.  Reversal and remandment of the judgment was proper in the Court of Appeals, rather than a dismissal of the appeal.

BOULDIN, J. [1] A city ordinance declaring "any person or persons committing an offense prohibited by the laws of the state of Alabama" guilty of a misdemeanor, and prescribing the punishment under the ordinance, applies to offenses against the state law in force at the time of the offense, and not at the time the ordinance was enacted. Whether the state law was in force when the ordinance was enacted is immaterial.

The thought behind the ordinance is that he who offends the peace and dignity of the parent state, by infraction of her penal laws, offends also against the laws of the local government.

Such general or reference ordinance serves two purposes: One of convenience, the avoidance of expense in enacting and promulgating a volume of penal ordinances in the same terms as well-known public statutes;  the other is the element of certainty.

The meaning of the brief ordinance is not in doubt.  The citizen, not required to be advised upon two parallel codes of laws, can look to one, of which he is already required to take notice, and whose construction has often been well settled, to keep himself within the law of both jurisdictions.  Again, it assures that the city ordinance is not in conflict with the state laws, nor violative of public policy, and puts the local government behind the suppression of evils defined and made public offenses by state law.

There is a class of reference statutes which merely write into themselves specific existing statutes, and have no relation to subsequently enacted statutes.  This ordi-

---

nance is not of that class. The reference feature here is to state laws for the elements of the offense. The gravamen of the offense is the present infraction of state laws now governing the conduct of the citizen. To hold that the application of the ordinance turns upon what the law was when it was enacted, 30 years ago, is to introduce an element of uncertainty out of keeping with its terms and manifest purpose. Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29;. Ex parte Davis, 200 Ala. 436, 76 So. 368; State ex rel. Miller v. Leich, 166 Ind. 680, 78 N. E. 189, 9 Ann. Cas. 302, note 304; Ramish v. Hartwell, 126 Cal. 443, 58 P. 920; Gaston v. Lamkin, 115 Mo. 20, 21 S. W. 1100.

[2] The trial of appeals in the circuit court from convictions for violation of city ordinances is de novo. Code, § 1937; Wright v. Bessemer, 209 Ala. 374, 96 So. 316; Ex parte Trimble, 211 Ala. 654, 101 So. 524.

[3] Proceedings of this character are quasi criminal. Upon review by appeal to the court of last resort, they are subject to the rules governing civil appeals. Section 3258 of the Code, requiring the court to review the record without assignments of error, does not apply. Perry v. State, 1 Ala. App. 254, 55 So. 1035; Camden v. Bloch, 65 Ala. 236; Washington v. Tuscaloosa, 19 Ala. App. 228, 96 So. 464; Brown v. Mobile, 23 Ala. 722; Russell v. Bessemer, 19 Ala. App. 554, 99 So. 53; Mobile v. Jones, 42 Ala. 630; Macon v. Anniston, 18 Ala. App. 552, 92 So. 913.

[4, 5] Questions not presented in the court below, nor by assignment of error, nor argued in brief, are not reviewable. The same presumptions against error in the lower court obtain as in civil appeals.

[6] Irregularities in the proceedings before the recorder and in the manner of taking the appeal may be waived by the parties. Goldsmith v. Huntsville, 120 Ala. 182, 24 So. 509.

[7] By consent the case may be tried in the circuit court upon the original affidavit or complaint. Myhand v. Dothan, 19 Ala. App. 167, 95 So. 782.

[8, 9] The record shows the original affidavit before the mayor charging the accused with a violation of the city ordinance, the filing of a statement or complaint in the circuit court, the appearance of the accused, and entry upon trial, a judgment of conviction showing its rendition upon appeal, and the confession of judgment thereon. No question was raised as to the jurisdiction of the circuit court. The record with the aid of the presumption against error will be taken as prima facie showing a judgment of conviction in the mayor's court, and an appeal therefrom upon giving proper bond. The failure to incorporate such judgment and bond in the record on appeal from the judgment of the circuit court raises no such presumption of want of jurisdiction in the circuit court as to render the judgment void upon 'its face. It is only where the record affirmatively shows the judgment to be void for want of jurisdiction in the trial court that the appeal will be dismissed for want of jurisdiction in the appellate court. . Bell v. King, 210 Ala. 557, 98 So. 796; 1 Freeman on Judgments (5th Ed.) § 322, pp. 642, 645.

The judgment of the court of appeals was not in accord with these views.

Writ of certiorari granted, and cause remanded to court of appeals.

All the Justices concur.