(133 So. 62)

## MILLER v. STATE.

### 7 Div. 733.

Court of Appeals of Alabama.

March 17, 1931.

Miller & Miller, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

This is a bastardy proceeding, instituted against the appellant, by one Versie Bryant, under the provisions of chapter 85 of the Code of Ala. 1923 (Code 1923, §§ 3416–3439).

The proceedings were begun by an affidavit made before, and a warrant of arrest issued by, the judge of the Gadsden inferior court, a court having the jurisdiction of justices of the peace. This was permissible and proper. Grace v. State, 16 Ala. App. 366, 77 So. 978.

After due examination, etc., appellant was required to give, and did give, bond to appear at the next session of the circuit court of Etowah county, in accordance with the terms of Code 1923, § 3418, supra.

The above bond was executed on March 20, 1929, but the bill of exceptions recites, in substance and effect, that at the "first appearance of defendant in the circuit court" he filed a written demand for a jury trial, which said "first appearance" is shown to be as of June 4, 1930. There is no question raised as to any forfeiture, etc., of the bond given by appellant, as aforementioned.

From the record we gather that what happened in the case was that on June 4, 1930, the solicitor filed a "complaint" against appellant, and that, immediately thereupon, appellant demanded that an issue be "made up" under the terms of Code 1923, § 3425, which was done on June 4, 1930, and that, immediately thereupon, appellant requested, in writing a trial by jury. The trial court denied his request, and proceeded to try the case, then and there, without a jury. We do not know why.

This appeal presents but the single question: Was, or not, it reversible error to refuse to appellant a "jury trial," under the circumstances we have set out above?

So far as we can find, nothing that the Supreme Court said (that bears on this question) in the opinion in the case of Smith v. State, 73 Ala. 11, has been changed, or qualified, to this date.

We quote a few excerpts from that opinion, to wit: "The duty of the justice [the Gadsden inferior court, here] in such case [a case of the nature of the one here being discussed] is purely preliminary. * * * The proceeding is penal, but is strictly neither criminal nor civil. It partakes somewhat of the nature of both. * * * When the case reached the circuit court, a complaint was

filed, or new written charge preferred, which healed the imperfections in the affidavit and warrant of arrest. * * * They [the affidavit and warrant of arrest] *were in no sense pleading.* [Italics ours]. The circuit court orders the issue to be made up, when the defendant demands it."

And, in the case of Royer v. State, 21 Ala. App. 381, 108 So. 652, 653, this court said, quoting, it is true, from the opinion of the Supreme Court in the case of Laney v. State, 109 Ala. 34, 19 So. 531: "The complaint before the justice is not required to be in writing; it may be oral or written. It serves all the purposes intended, if it induces the issue of process for the arrest of the defendant."

So we conclude that whether the proceeding here is civil or criminal, partly both, or, as is said in some of the cases, "sui generis," and neither, really, the "first pleading," in the circuit court, and which may be considered, so far as fixing appellant's rights to a jury trial, upon request, vel non, is concerned, the "beginning" of the proceeding, was the "complaint" filed by the solicitor, or, at any rate, the order of the court purporting to "state the issue." Both these were made on June 4, 1930, and not before. And, the appellant requesting a jury trial, in writing immediately thereupon, we hold it should have been accorded him.

For the error in denying the said request for a jury trial, filed as aforesaid, the judgment of conviction is reversed, and the cause remanded. Trawick v. Davis, 4 Ala. 328; Lake & Barron v. Governor, 2 Stew. 395; Code 1923 § 8593; Ib. § 9498; Ib. § 8598.

Reversed and remanded.