36 So.2d 599

**BENICH v. STEWART.**

8 Div. 666.

Court of Appeals of Alabama.

Aug. 3, 1948.

J. N. Powell, of Hartselle, for appellant.

Joe H. Calvin, of Decatur, for appellee.

HARWOOD, Judge.

The plaintiff below sued the defendant because of damages sustained when plaintiff was struck by defendant's automobile.

A jury returned a verdict in favor of the plaintiff and assessed his damages at $50.00. Judgment was entered pursuant to such verdict. Defendant's motion for a new trial being overruled, appeal was taken to this court.

■ An essential basis for review in every civil case is a proper assignment of errors. As stated recently by this court in Snelling v. Jones, 33 Ala.App. 301, 33 So.2d 371, 372, 373:

"The suing out of an appeal is analogous to the institution of a new suit. The assignment of errors takes the place of the declaration or bill. The office of assignments of error is to inform the appellate court and the appellee of the precise errors relied on. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Life & Casualty Ins. Co. of Tennessee v. Womack, 26 Ala.App. 6, 151 So. 881, certiorari denied 228 Ala. 70, 151 So. 880. An assignment of error which does not succinctly point out the error complained of with sufficient clearness and precision will not be considered on appeal. Harden, Inc., v. Harden, 29 Ala.App. 411, 197 So. 94. Errors not assigned will not be reviewed. 2 Alabama Digest, Appeal and Error, ☞719(1)."

■ The very essence of an assignment of error is precision, and generality renders an attempted assignment inefficacious. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397.

■ The assignment of errors made in this case is as follows:

"Appellant's Assignment of Errors

"1. Organization of the Court Pg. 1
"2. Summons and Complaint Pg. 1–2
"3. Demurrer of Appellant Pg. 1–3
"4. Complaint and Amended Complaint Pg. 1, 3 & 4
"5. Court's Oral Charge Pg. 5–7
"6. Defendant's refused Charges Pg. 11
"7. Plaintiff's given Charges Pg. 11

"8. Defendant's Motion for
new trial      Pg. 12–14
"9. Supercedias bond by the
defendant      Pg. 54."

By no construction, however liberal, can the above be considered as assignment of errors sufficient to invite a review of this case. In addition to the fact that they are only mere listings of the various parts of the record, there is not even an allegation that the lower court erred.

In the absence of due assignment of errors, no error can be considered on appeal except as to jurisdiction of the lower court. Hays v. Walker, 16 Ala.App. 336, 77 So. 930. The record in this case discloses jurisdiction in the trial court. This cause must therefore be affirmed and it is so ordered.

Affirmed.