67 So.2d 855

**WROUGHT IRON RANGE CO. v. POLLARD.**

**7 Div. 264.**

Court of Appeals of Alabama.

Oct. 27, 1953.

L. B. Rainey, Gadsden, for appellant.

Keener & Keener, Centre, for appellee.

HARWOOD, Judge.

In the suit below plaintiff claimed $210 due by promissory note. The defendant filed pleas of setoff, and the jury found in defendant's favor, and assessed his damages at $74.58. Judgment was entered accordingly, and hence this appeal by the plaintiff below.

In the brief filed in appellant's behalf there is set forth under "Statement of Facts" a cursory and general statement of the pleadings and the facts.

This is followed by seven "Propositions of Law."

There then follows what is designated as "Argument." This part of the paper is ten lines in length, the chief insistence being that: "The entire record in this case evinces the fact that the case was loosely tried, and practically every objection to testimony offered by appellee, apparently regardless of its legality, was overruled. The assignments of error indicating the rulings of the court, and the propositions of law set out in this brief impels, in the opinion of the appellant, the reversal of this cause."

No errors are specified in the brief, nor are the assignments of error referred to in anywise.

Because of this deficiency counsel for appellee state in their brief that it has not been possible for them to clearly and affirmatively answer appellant's brief.

Counsel for appellee are justified in this observation.

 As we stated in Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568, 570:

"In civil appeals only errors assigned will be considered and where the brief of counsel for appellant does not direct the attention of the court to what is deemed error, the appellate court is not required to search the record and cast about for errors not specified in the brief. Morton v. Clark, 10 Ala.App. 439, 65 So. 408.

\*    \*    \*    \*    \*    \*

" 'In the hurry of perfecting an appeal it is the usual practice of lawyers to assign as error all matters that might be even faintly meritorious. Upon further study while preparing his brief he may conclude that, in his anxiety to fully cover all possible errors in his assignments, he has included some that are untenable. These he is free to abandon simply by not carrying them forward in his brief and argument, for as a corollary to the rule that errors not assigned will not be considered on appeal is the proposition that assignments not specified in the brief are considered as abandoned.'

"The office of a brief in a civil appeal is to aid the appellate court to understand quickly the issues involved and give such court an adequate basis for such understanding. A progressive sifting of the contents of the record proper, discarding those portions not necessary to proper conclusion, and highlighting the acts of the lower court of which the appellant feels he has cause to complain should be the ultimate aim of every brief. An adequate specification of the errors relied on is a necessary step in such refining process."

 In view of the above discussion, and the material failure to observe the requirements of Sup.Ct.Rule 10, Code 1940, Tit. 7, Appendix, as to the preparation of appellant's briefs this cause is due to be affirmed, and it is so ordered.

Affirmed.