92 So.2d 683

**Rosa PARKS**

v.

**CITY OF MONTGOMERY.**

3 Div. 5.

Court of Appeals of Alabama.

Feb. 12, 1957.

Fred D. Gray and Chas. D. Langford, Montgomery, and 'Robt. L. Carter, New York City, for appellant.

Knabe & Nachman and Herman H. Hamilton, Jr., Montgomery, for appellee.

HARWOOD, Presiding Judge.

In the Recorder's Court of the City of Montgomery this appellant was found guilty of violating Chapter 1, Section 8 of the City Code of Montgomery, Alabama.

On her appeal to the Circuit Court of Montgomery County, Alabama, she was again found guilty by the court, her demand for a jury trial having been withdrawn with the consent of the City.

From her conviction in the Circuit Court she has appealed to this court.

No assignments of error appear in the record filed in this court.

Prosecutions for violations of municipal ordinances are statutory and quasi criminal in nature. Perry v. State, 1 Ala. App. 253, 55 So. 1035; Craig v. City of Birmingham, 14 Ala.App. 630, 71 So. 983; Childs v. City of Birmingham, 19 Ala.App. 71, 94 So. 790; Washington v. City of Tuscaloosa, 19 Ala.App. 228, 96 So. 464; Russell v. City of Bessemer, 19 Ala.App. 554, 99 So. 53; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; Hundley v. City of Huntsville, 23 Ala.App. 451, 126 So. 616; City of Birmingham v. Williams, 26 Ala. App. 200, 155 So. 878; Gentle v. City of Huntsville, 26 Ala.App. 374, 160 So. 273; Davis v. City of Guntersville, 27 Ala.App. 208, 169 So. 222; Arnold v. City of Mobile, 33 Ala.App. 94, 30 So.2d 40; Jackson v. City of Mobile, 33 Ala.App. 95, 30 So.2d 40; Ekornes v. City of Mobile, 34 Ala.App. 159, 37 So.2d 433; Griffith v. City of Birmingham, 34 Ala.App. 225, 39 So.2d 693; Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761.

Such appeals are not governed by the statute regulating criminal appeals

which dispenses with assignments of error, Perry v. State, supra; Casteel v. City of Decatur, supra; Gentle v. City of Huntsville, supra; Swinea v. City of Florence, 28 Ala.App. 332, 183 So. 686; Griffith v. City of Birmingham, supra, but are governed by the rules applicable to civil appeals. Casteel v. City of Decatur, supra; State v. Town of Springville, 220 Ala. 286, 125 So. 387; Gentle v. City of Huntsville, supra; Brooks v. City of Birmingham, 31 Ala.App. 496, 19 So.2d 74; Jackson v. City of Mobile, supra; Ekornes v. City of Mobile, supra; Griffith v. City of Birmingham, supra; Fiorella v. City of Birmingham, supra; Wyatt v. City of Birmingham, 37 Ala.App. 579, 72 So.2d 735.

■ One of our fundamental rules relating to civil appeals is that there must be assignments of error, otherwise there is nothing before the court for review. Davis v. City of Guntersville, supra; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639; Benich v. Stewart, 34 Ala.App. 61, 36 So.2d 599; Wrought Iron Range Co. v. Pollard, 37 Ala.App. 341, 67 So.2d 855; Tidwell v. Town of Town Creek, 264 Ala. 330, 87 So.2d 646. This for the reason that the suing out of an appeal is analogous to the institution of a new suit, in which the assignments take the place of the declaration or bill. Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371, 372.

■ Where no errors are assigned in appeals from convictions for violations of municipal ordinances, the judgment appealed from must be affirmed. Perry v. State, supra; Dreyfus v. City of Montgomery, 4 Ala.App. 270, 58 So. 730; Stadt v. City of Birmingham, 14 Ala.App. 667, 70 So. 972, 973; Creel v. City of Jasper, Ala.App., 69 So. 239; Craig v. City of Birmingham, supra; Hellner v. City of Montgomery, 16 Ala.App. 366, 77 So. 978; Crowder v. City of Montgomery, 16 Ala.App. 686, 81 So. 134; Childs v. City of Birmingham, supra; Martin v. City of Birmingham, 19 Ala.App. 70, 94 So. 789; Washington v. City of Tuscaloosa, 19 Ala.App. 228, 96 So. 464; Spence v. City of Tuscaloosa, 19 Ala.App. 231, 96 So. 464; Hundley v. City of Huntsville, supra; Peever v. City Com'rs of Florence, 229 Ala. 351, 157 So. 79; Gentle v. City of Huntsville, 26 Ala.App. 374, 160 So. 273; Davis v. City of Guntersville, supra; Swinea v. City of Florence, supra; Arnold v. City of Mobile, supra; Jackson v. City of Mobile, supra; Ekornes v. City of Mobile, supra; Griffith v. City of Birmingham, supra.

Affirmed.