(109 So. 571)

## CASTEEL v. CITY OF DECATUR.
### (8 Div. 447.)

(Court of Appeals of Alabama.  Feb. 9, 1926, Sept. 7, 1926.  Rehearing Denied April 6, 1926.)

1. **Municipal corporations** ⚖➔642(4)—Where no warrant of arrest was issued by mayor, mayor's court has no record of arrest, trial, or conviction, and county court does not appear to have acquired jurisdiction over accused's person, conviction under ordinance is without support in the record and will be reversed, and cause remanded.

Where no warrant of arrest was issued by mayor, there is no record of arrest, trial, or conviction in mayor's court, and county court does not appear to have acquired jurisdiction over accused's person, judgment of conviction for violating ordinance is without support in the record and will be reversed, and the cause remanded.

2. **Intoxicating liquors** ⚖➔11.

Ordinance making one committing offense against state law guilty of misdemeanor *held* not to include possessing spirituous, vinous, or malt liquors, and objection to its introduction in proceeding thereon should have been sustained.

Appeal from Morgan County Court; W. T. Lowe, Judge.

W. H. Casteel was convicted for violation of an ordinance, and he appeals. Reversed and remanded.

Subsequently affirmed on authority of Casteel v. City of Decatur, 109 So. 571.

Certiorari granted by Supreme Court in Casteel v. City of Decatur, 109 So. 571.

The affidavit upon which the prosecution was begun is as follows:

Before me, Jas A. Nelson, as mayor of the city of Decatur, personally appeared C. M. Rigsby who, being duly sworn, deposes and says that W. H. Casteel did have in his possession spirituous, vinous, or malt liquors in violation of an ordinance of the city of Decatur, Ala., duly passed by the mayor and council of the city of Decatur, Ala., in substance as follows: That any person committing any offense prohibited by the laws of the state of Alabama shall be guilty of a misdemeanor and fined in such a sum as may be deemed right by the mayor of said town, the same in a sum not exceeding $50, and may be sentenced to hard labor for the city not exceeding 30 days.

G. O. Chenault, of Albany, for appellant.

The offense for which defendant was tried could not have been included in the ordinance. 6 Mayfield's Dig. 842; 28 Cyc. 354; City of Bessemer v. Eidge, 162 Ala. 201, 50 So. 270. Defendant should have had the general charge as requested.

W. W. Callahan, of Decatur, for appellee.

Appellee had authority to pass the ordinance in question. Sloss-Sheffield, etc., Co. v. Smith, 175 Ala. 260, 57 So. 29; Ex parte Davis, 200 Ala. 436, 76 So. 368; Birmingham v. Edwards, 18 Ala. App. 459, 93 So. 233. The ordinance included subsequent laws adopted by the state. State v. Leich, 166 Ind. 680, 78 N. E. 189, 9 Ann. Cas. 302; Culver v. People, 161 Ill. 89, 43 N. E. 812; Snell v. Chicago, 133 Ill. 413, 24 N. E. 532, 8 L. R. A. 858; 25 R. C. L. (Stat.) § 24. An appeal bond is a condition precedent to an appeal from municipal court. Code 1923, § 1937; Puryear v. State, 16 Ala. App. 112, 75 So. 704; Ex parte Reese, 112 Ala. 63, 21 So. 56.

RICE, J.  [1] The record on this appeal contains an affidavit made before the mayor of the city of Decatur purporting to charge this appellant with the violation of an ordinance of that city  It appears though that no warrant of arrest was issued for the appellant by such officer. There is no record of any arrest, trial, or conviction of appellant in the mayor's court. And the Morgan county court does not appear to have acquired jurisdiction over the person of appellant in any of the ways provided by law. The judgment appealed from is therefore without support in the record, and, under the established practice in this court, the same is reversed and the cause remanded.  Courson v. State, 18 Ala. App. 538, 93 So. 223.

[2] We might add that, it is our opinion, that the city ordinance involved, drawn in the language that appears, construed according to the established method prevailing in this state, did not contemplate nor include in its terms offenses of the nature of that for which this appellant was sought to be prosecuted, and the objection to its introduction in evidence should have been sustained.

Reversed and remanded.

PER CURIAM.  Affirmed on authority of Casteel v. City of Decatur, 109 So. 571.

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes