(124 So. 401)

### JACKSON v. CITY OF DEMOPOLIS.
#### (2 Div. 422.)

Court of Appeals of Alabama.   Oct. 29, 1929.

B. G. Wilson, of Demopolis, for appellant.

W. F. Herbert, of Demopolis, for appellee.

RICE, J. Appellant was convicted in the recorder's court of Demopolis of a violation of the prohibition ordinance of that municipality, and appealed to the circuit court. From a conviction there, after trial by jury, he appeals to this court.

The first assignment of error relates to the ruling on demurrer to the original affidavit under which defendant was prosecuted in the recorder's court. The record sets forth this original affidavit, the demurrers thereto, and an indorsement "overruled," dated and signed by the mayor. However, it nowhere appears that the circuit court was invoked to rule on the sufficiency of the original affidavit, and hence nothing as to this is presented here for review. On appeal from convictions in the recorder's court to the circuit court, the cause is tried de novo. Code 1923, § 1937. Irregularities in the proceedings before the recorder and in the manner of taking the appeal may be waived by the parties. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

Some argument is made in brief that, since the appellee did not introduce in evidence certificate of judgment, appeal bond, etc., from the recorder's court, notwithstanding they appear in the record proper, the circuit court acquired no jurisdiction of the cause. If defendant in any manner questioned the jurisdiction of the circuit court on appeal, we fail to find it. Under the authority last cited, this omission to object amounted to a waiver. Furthermore, it is not required that these jurisdictional matters be "introduced in evidence." It is only required that they appear in the record; and the record in this case contains every essential matter to confer jurisdiction on the circuit court.

It is next insisted that the circuit court erred in overruling demurrer to the complaint filed in the circuit court. The record contains the complaint and demurrer, but the judgment entry recites no ruling thereon. There is nothing presented for review.

Appellee introduced in evidence the general prohibition ordinance of the city of Demopolis adopted in 1910, and an ordinance declaring any person committing an offense in the city of Demopolis or within the police jurisdiction thereof which is declared to be a misdemeanor by any prohibition law or laws of the state of Alabama shall be upon conviction fined, etc. Objection to the introduction of these ordinances was overruled.

The only ground of objection actually assigned in the trial court and seriously argued is that the second or reference ordinance, "making one committing offense against the state law guilty of a misdemeanor," does not include possessing spirituous, vinous, or malt liquors. To this proposition counsel cites our case of Casteel v. City of Decatur, 21 Ala. App. 337, 109 So. 571, holding to this effect. On certiorari the Supreme Court disagreed with the ruling pronounced by this court, and declared that such reference ordinances, as here, apply to offenses against the state law in force at the time of the offense. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571. On authority of said case, the stated objection must be overruled.

Testimony for appellee tended to show that a quantity of whisky was found under the mattress of the bed in appellant's room. Appellee's witness Miley was asked, "Did you see the defendant asleep?" and answered, "No, but I saw the bed he was in." Appellant objected to the answer "because it is a conclusion of the witness; for it is illegal evidence." Whatever else might be said, the answer was certainly not subject to either of the stated grounds of objection.

The oral charge is short, but sufficient to cover the brief evidence and simple issues in this case. Exceptions to it are so clearly without merit that they deserve no separate treatment here.

The last objection is to the judgment and sentence of the court, requiring defendant to perform hard labor for the municipality to pay the fine imposed by the jury and the costs accrued. It is insisted that, since no ordinance of the municipality was introduced which authorized the imposition of a hard labor sentence to discharge the fine and cost, the judgment and sentence in this respect was erroneous. This point has been ruled against appellant in the case of Guin v. City of Tuscaloosa, 21 Ala. App. 61, 106 So. 64, in which it is held that the circuit court, in view of Code, §§ 1936 and 1937, is authorized to require defendant to work out fine and costs.

The evidence as it appears in the bill of exceptions presented a jury question as to defendant's guilt. The affirmative charge was well refused.

We have thus considered all the rulings brought into question without finding error. The judgment is affirmed.

Affirmed.