181 So. 302
GRISSETT v. CITY OF BIRMINGHAM.

6 Div. 200.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 22, 1938.

John S. Foster, of Birmingham, for appellee.

E. M. Thomas, of Birmingham, for appellant.

SAMFORD, Judge.

According to the return of the warden of the city jail of Birmingham, Ala., in response to a writ of habeas corpus issued by one of the judges of the circuit court of the Tenth judicial circuit, wherein petitioner prays for a discharge from custody, it appears by the return of the warden of the city jail of the City of Birmingham that the petitioner is being held under commitments issued to him by the recorder of the City of Birmingham, in words and figures as follows, to wit:

Jail Docket 9058
Case 2 —

"Docket 42593 B
Date of
Conv. 5–7–1937

Date of Exp. 8–15–1938                    I here certify that
Name        Gillis Grissett
Color B   Sex M   Age 40
Address      123 So. 64th St.
Charged with Dis. Con. Agg– and Resisting Arrest was this day fined as follows:
Amount of fine............................ $50.00
Amount of City Costs...................... 3.00
                                        ———
            (See 42592 B)      $53.00
Extra Days .................... 180
Total Days Sentenced............233
Officers D. S. Jones & A. C. Meadows
                    DUW
                      Clerk"

"Docket 42592 B

Jail Docket 9058
Case 1 —

Date of
Conv. 5–7–37

Date of Exp. 12–25–1937                    I here certify that
Name          Gillis Grissett
Color B   Sex M   Age 40
Address        123 So. 64th St.
Charged with Vio. State Firearms Act was this day fined as follows:
Amount of fine........................... $50.00
Amount of City Costs.....................   3.00
                                         ————————
                  (See 42593 B)     $53.00
Extra Days ................... 180
Total Days Sentenced......... 233
Officers D. S. Jones, A. C. Meadows
                              "DUW
                                "Clerk"

"Said commitment papers were issued and based upon the following judgments:

| No. B | City of Birmingham vs. | Color and Age | Charge | Arresting Officer |
|---|---|---|---|---|
| 42592 | Gillis Grissett | Black   Male | Vio State Firearms Act | Jones & Meadows |

"Continued to 5–7–37 comes the defendant, in his own proper person. Defendant pleads not guilty. On hearing the evidence, the Court is of the opinion that defendant is guilty as charged in Count One. It is ordered and adjudged by the Court that the defendant is guilty, and is fine $50 and $3 cost, and is sentenced to 180 days extra at hard labor for the City of Birmingham. The Fine and costs not being presently paid, or judgment confessed therefor as provided by law, defendant is sentenced to be imprisoned at hard labor for the City of Birmingham 50 days to pay fine 183 days to pay costs.

                              "Henry J. Martin
                    "Recorder of the City of Birmingham

| No. B | City of Birmingham vs. | Color and Age | Charge | Arresting Officer |
|---|---|---|---|---|
| 42593 | Gillis Grissett | Black   Male | 1. Dis. Con. 2. Res. Arrest | Jones & Meadows |

"Continued to 5–7–37 comes the defendant, in his own proper person. Defendant pleads not guilty. On hearing the evidence, the Court is of the opinion that defendant is guilty as charged in Count One. It is ordered and adjudged by the Court that the defendant is guilty, and is fined $50 and $3 cost, and is sentenced to 180 days extra at hard labor for the City of Birmingham. The fine and costs not being presently paid, or judgment confessed therefor as provided by law, defendant is sentenced to be imprisoned at hard labor for the City of Birmingham 50 days to pay fine 183 days to pay costs.

                              "Henry J. Martin
                    "Recorder of the City of Birmingham
"I, D. U. Williams, Clerk of the Recorder's Court of the City of Birmingham, do certify that the above is a true and correct copy of the judgment as it appears on the Judge's Docket of the Recorder's Court of the City of Birmingham.
                              "D. U. Williams
                          "Clerk of the Recorder's."

"The said Earl Wilson further shows and represents to Your Honor that the said Gillis Grissett has defaulted in the payment of the fine imposed upon him in each of the above cases, that is, 42592B and 42593B."

On the trial of the cause before the circuit judge there was introduced in evidence section 4905 of the Birmingham City Code of 1930, which reads as follows: "All acts or omissions which are misdemeanors under the laws of the State of Alabama, are hereby declared to be offenses against the ordinances and laws of the City of Birmingham, and any person, firm or corporation committing any such offense within the corporate limits of said city or the police jurisdiction thereof, shall, upon conviction be punished as provided in this Code."

Also, section 4906 of the Birmingham City Code of 1930, which reads as follows: "Any person, firm or corporation violating any provision of any law or ordinance of the City of Birmingham, for which punishment is not specially provided by such law or ordinance, shall, upon conviction, be punished by a fine not exceeding one hundred dollars, and/or by imprisonment at hard labor upon the streets or public works or in the workhouse or house of correction of the city not exceeding six months, one or both; and in the event any fine and costs are not presently paid, the Recorder of the city shall sentence the offender or person thus in default to work out the fine and costs at hard labor upon the streets or public works, or in the workhouse or house of correction of the city, and the person so sentenced to hard labor shall be allowed one dollar for each day's services so performed; provided, that no female shall, in any case, be required to work upon the streets of the city."

Also, section 4920 of the Birmingham City Code of 1930, which reads as follows: "In trials before the Recorder for violations of the city ordinances, the judge shall determine both the law and fact, and justice shall be speedily administered by him. No statement of the offense need be made other than that contained in the summons, or affidavit and warrant of arrest, and if the defendant has been arrested without a warrant, the entry on the docket of the offense charged shall be treated as such statement. It shall be sufficient statement of the offense in the affidavit, warrant or entry on the docket, to designate the offense or act done by name or by some phrase which in common parlance designates it. It shall be no objection to the proceedings that they are imperfect or inaccurate, and all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the defendant, and the affidavit, warrant or statement on the docket, one or all, may be changed or amended to meet the state of facts shown in evidence."

The testimony of Judge Martin, judge of the recorder's court of the city of Birmingham, was to the effect that the defendant being brought before him without affidavit or written charge, the defendant was tried by him in two cases: First, for violating the city ordinance, in that he violated the "State Firearms Law," and, second, on a charge of disorderly conduct which was docketed as "Dis. Con."

The contention is here made that the judgments in these two cases are void, in that the first is a charge of the violation of a state law in which the punishment should have been fixed by the court as prescribed by the State statute. Second, that the judgment in the case docketed on a charge of Dis. Con. is void in that it charges no offense.

■ By an ordinance of the City of Birmingham, section 4905 of the City of Birmingham Code, all acts or omissions which are misdemeanors under the laws of the State of Alabama are declared to be offenses against the ordinances and laws of the City of Birmingham. In accordance with the decision of the Supreme Court in Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571, we hold that this ordinance applies to offenses against the law in force at the time of the offense and not at the time the ordinance was enacted. In other words, the enactment of the "Uniform Firearms Act" by the Legislature of the state, approved April 6, 1936, Gen.Acts. 1936, Ex. Sess., p. 51, immediately upon its passage became a part of the laws of the City of Birmingham, and a violation of this law constituted not only a crime against the State but also against the ordinances of the City of Birmingham.

■ The defendant having been arrested without warrant and brought before the Recorder, the charge, "Vio. State Firearms Act," was under section 4920 of the City Code of Birmingham, sufficient in common parlance to charge a violation under section 4905 of the Code of the City of Birming-

ham, and the designation by name of the state law incorporated in the ordinances of the City of Birmingham was sufficient notice to the defendant then on trial. Barnes v. City of Huntsville, 18 Ala.App. 646, 94 So. 188; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

■ While the recorder of the City of Birmingham is authorized, under the law, to sit and to try cases either for a violation of state statutes or for violation of city ordinances, the evidence in this case is all to the effect that at this time he was sitting as Recorder and tried this defendant for a violation of a city ordinance. The case was so docketed, and the judgment and sentence were in accord with the city ordinance rather than for a violation of a state statute.

Having tried the defendant under the city ordinance, the judgment and sentence were regular and the defendant is being held legally by the proper city officer.

The other case in which conviction was had, and judgment and sentence rendered, presents a different question.

■■ Abbreviations in indictments and criminal charges are not favored by the law. In a criminal charge, either by indictment or by information, nothing can be taken by intendment. State v. Seay, 3 Stew. 123, 20 Am. Dec. 66; Poore v. State, 17 Ala. App. 143, 82 So. 627. There are some abbreviations which are accepted and recognized, by reason of a fixed and defined meaning, and where this is the case, they are tolerated in indictments and information in criminal cases. But this is so, only when they are not disputable. Henry v. State, 33 Ala. 389.

■ Under the ordinances of the City of Birmingham, whenever a defendant is brought in and a charge made to the court without affidavit or warrant of arrest, the notation on the docket becomes the only pleading in the case which would protect the defendant in case it became necessary to use the record in any subsequent transactions. The charge, therefore, should not be so abbreviated as to become uncertain or equivocal.

■ The defendant being held under two judgments, one of which is valid and the other invalid, and the time of sentence not having expired under the valid judgment, the petitioner is not entitled to his discharge. 29 C.J. 58 (50)e, note 9.

It follows that the petitioner is not entitled to relief, and the judgment denying this relief is affirmed.

Affirmed.