19 So.2d 74

BROOKS v. CITY OF BIRMINGHAM.

6 Div. 48.

Court of Appeals of Alabama.

Aug. 22, 1944.

Wm. Conway, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

RICE, Judge.

As appellant's counsel puts it: "This is an appeal by the appellant from a judgment of sentence imposed by the Circuit Court of Jefferson County, wherein the appellant was convicted of violating an ordinance of the City of Birmingham and also a Statute of the Code of Alabama of 1940, Title 14, Section 175."

Perhaps it could be more accurately said that it was an appeal from a conviction under a complaint filed in the Circuit Court against appellant by the City of Birmingham wherein—after his appeal from a conviction in the Recorder's Court—it was alleged that he "did carry a pistol in a vehicle or concealed about his person at a place otherwise than his abode or fixed place of business, without having procured a license therefor, contrary to and in violation of Section 4905 of the 1930 Code of the City of Birmingham, Alabama, in this, that said conduct of the defendant was

in violation of the Uniform Fire Arms Act passed by the Extra Session of the Legislature of 1936, or Tit. 14 § 175 of the 1940 Code of Alabama."

■ Of course it is now thoroughly understood that immediately upon passage of· uniform firearms act (of which Code 1940, Title 14, § 175 is a part) by the legislature, that act became part of City of Birmingham's laws, and violation thereof was (is) .a crime against the State and also against City ordinances. Grissett v. City of Birmingham, 28 Ala.App. 138, 181 So. 302.

■ Here it is made plain by the complaint filed against appellant, as well as by the verdict of the jury and the judgment of the court, that he was tried for and convicted of, the violation of a City ordinance. See Grissett v. City of Birmingham, supra.

Where that is the situation the appeal is governed by the rules obtaining in civil cases. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

So we turn to the brief of appellant's capable counsel to see what assignments of error have been insisted upon in the argument.

■■ It seems first to be contended that the trial court erred in not sustaining appellant's motion to strike the complaint filed in the 'circuit court by the City of Birmingham. But so far as we can see, and we hold, the trial court committed no error in this regard. The complaint obviously met all the requirements of the law; and, in so far as the argument is based upon any imperfection in the complaint upon which appellant was tried in the Recorder's Court, we remark that such imperfection by going unchallenged in that court was waived. Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725; Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603. And see State v. Town of Springville, 220 Ala. 286, 125 So. 387; Code 1940, Tit. 14, § 175; Code of the City of Birmingham of 1930, § 4905.

What is said just next above will, we think, sufficiently demonstrate our opinion that there was, likewise, no error in overruling appellant's demurrers to the complaint.

■ . The bill of exceptions recites that —when the City had rested its case—"the defendant moved the court to exclude the evidence on the grounds that the City had not made out a case against the defendant. The court overruled the motion and the defendant reserved an exception." .

The above action of the court is made the basis of assignment of error number 3, argued here by appellant.

, But all that is necessary to be said on this, it seems, is to quote the 4th headnote to the report of the case of McMullen v. Daniel, 229 Ala. 194, 155 So. 687, 688. Said headnote is: "Denial of defendant's motion to exclude all evidence is never reversible error." And see Pate v. State, 26 Ala.App. 487, 162 So. 571.

■ We think there were strong tendencies of the evidence indicative of the guilt of appellant as charged. Where this is true it is never proper to give to the jury at appellant's request the general affirmative charge to find in his favor. Walker v. Stephens, 221 Ala. 18, 127 So. 668; Criminal Law, ☞753(2), Ala. & So. Digest, vol. 8.

But we have concluded that the judgment of conviction must be reversed because of the occurrence which we copy, literally, from the bill of exceptions, to-wit:

"During Mr. Parker's argument to the jury (Mr. Parker prosecuting for the City) the following occurred: Mr. Parker: 'He is just a gangster.'

"Mr. Conway (appellant's counsel): 'I object and ask your Honor to instruct the jury that is improper argument.'

"Mr. Parker: 'Gangsters carry guns—'

"Mr. Conway: 'Wait a minute.'

"Mr. Parker: 'When they know it is not legal to carry them.'

"Mr. Conway: 'I move for a mistrial.'

"The Court: 'I overrule the motion and objection.'

"Mr. Conway: 'We except.' "

The issues in the case were of the simplest. The City claimed that appellant carried . a pistol "concealed on or about his person" at a place not "his place of abode or fixed place of business."

Appellant, admitting that he carried the concealed pistol, claimed that he was at the time in "his place of abode."

■ It was conceded that appellant "lived at" a Colored Hotel. He was ar-

rested in Room 28, which he claimed was his assigned room, and hence his home. See Avinger v. State, 29 Ala.App. 161, 195 So. 279.

He offered substantial testimony to prove his contention. Of course, if said contention was true, he would be guilty of no offense.

But the City, through its witnesses, claimed that Room 26 was appellant's assigned room; and that he was, when arrested, merely visiting in Room 28. A question for the jury was squarely posed.

But we think the City Attorney's asseveration that appellant was "just a gangster" was entirely without support in the testimony. To our minds, and we hold, it was in the teeth of the rule laid down in Cross v. State, 68 Ala. 476, cited and commended in Mitchell v. State, 18 Ala.App. 471, 93 So. 46, 47.

A "gangster" is now everywhere understood to denote "a member of a gang of roughs, hireling criminals, thieves, or the like." See Webster's New International Dictionary, 2nd Edition.

As so well said by our loved and lamented brother SAMFORD in his opinion for this court in Mitchell v. State, supra: "Each case of this character must be decided upon its own merits. There is no horizontal rule by which these qualities (the prejudicial qualities of improper remarks in argument to the jury) can be ascertained in all cases. Much will depend upon the issues, the parties, and the general atmosphere of the case."

Considering the elements mentioned, we entertain no doubt that appellant's case was injured grievously, not more by the making of the unauthorized statement by the distinguished City Attorney than by the action of the learned trial court in overruling appellant's objection thereto—thereby in the eyes of the jury placing the stamp of the court's approval upon such unauthorized designation of the appellant.

For the error in overruling appellant's objection to the argument described the judgment is reversed and the cause remanded.

Other questions presented will not likely arise in their present form on another trial; hence will not be considered.

Reversed and remanded.